STATE OF MISSISSIPPI *v.* EDWARD D. DINKINS.

1. SUITS AGAINST THE STATE. *Code* 1892. § 4248.

    Suits against the state can be maintained only as authorized by law. Under code 1892, § 4248, providing therefor. suits can be maintained against the state only upon claims which the auditor of public accounts is empowered to audit.

2. SAME. *Rewards. Governor.*

    The offering and payment of rewards for the arrest of escaped criminals is intrusted solely to the discretion of the governor; and a suit cannot be maintained against the state for the recovery of a reward which the governor has refused to order paid.

3. SAME. *Collusion.*

   One who colludes with an escaped criminal, inducing him to allow himself to be delivered up for trial, promising that a part of the reward offered for him, when collected, should be used in his defense, is not entitled to the reward.

4. DEPARTMENTS OF GOVERNMENT.

   The executive, legislative and judicial departments of the state government are co-ordinate, equal, separate and independent, and the powers and duties of one department cannot be performed by another.

FROM the circuit court, first district, of Hinds county.

HON. ROBERT POWELL, Judge.

Dinkins, the appellee, was the plaintiff in the court below; the state, the appellant, was defendant there. From a judgment in plaintiff's favor the state appealed to the supreme court. The facts are stated in the opinion of the court.

*Monroe McClurg,* attorney-general, for appellant.

The claims upon which the state suffers itself to be sued are those which go to the auditor of public accounts in the usual course of administration of the state's affairs. Appellee's claim is not one of that class. By express directions of the statute the claim sued on takes quite a different course. It is paid out of the executive contingent fund on the auditor's warrant, issued on the written order of the governor, direct. Code of 1892, § 2161. There was no duty that the auditor could perform, because he did not have the written authority of the governor. Mandamus could not be maintained against him, and the demand made upon him was superfluous. *Green* v. *State,* 53 Miss., 148; *Lees* v. *Colgan,* 40 L. R. A., 355.

It is disclosed by the record in the case at bar that there was a preconcerted arrangement between Shrader, the criminal, and his attorneys that the reward should be secured and used to pay the attorney his fee in the defense of Shrader.

The purpose of this suit is to do indirectly what the law prohibits, to wit: to compel payment of this reward out of a fund

different from that designated by law; to compel its payment in manner different from that expressly pointed out by law; and to enforce its payment against the judgment of the official to whom the law has wisely committed all questions connected with the subject, from the offer to the final payment of the reward, for, by force of the statute, the governor is the final arbiter as to whether the reward has been earned and should be paid. To the governor, and to him alone, must he who acts upon a proposition to reward, look for relief.

To entitle the plaintiff to the reward, he must have been acting for the state. It would be a perversion of justice to pay a person for apprehending and arresting a criminal, when in point of fact that supposed criminal had sought him out with a desire to go into custody, and arranged to go with him.

*Frank Johnston,* for appellee.

It is objected that this suit is not authorized by statute, § 4248 of the code of 1892. The section allows a suit by "any person having a claim against the state." In order to avoid a suit where the state is not at fault, and where there is an appropriation available, and the auditor is authorized to issue his warrant, it is provided that a demand must first be made of the auditor. If the auditor then refuse, no ordinary suit should be brought against the state, but a mandamus would lie against the auditor. This provision is *ex industria,* for the general purpose of giving the auditor an opportunity to pay before suit. It would be to repeal this statute to hold that it applied only to cases where there was an appropriation and authority in the auditor to issue his warrant. The statute was clearly intended to apply to controverted claims, and not to claims whose payment is provided for by the revenue laws of the state. *Green* v. *State,* 53 Miss., 148, 152.

It is contended that the suit cannot be maintained because it is, in effect, to coerce the governor, which could not be done by a direct proceeding. This is not so. No judgment

has been given against the governor. No process can be issued against him, nor against the auditor, compelling him to issue a warrant without the order of the governer. The judgment is a judicial ascertainment of the debt. If the governor does not see proper to have it paid, then the only recourse is to the legislature for payment. If the legislature should decline to make an appropriation, that ends the matter, and the court will have done its duty.

It is also said that the decision of the governor refusing to order the payment of the claim is final and conclusive. Having offered the reward, under the express authority of the statute, the state becomes bound legally for its payment. The question at once, then, became one of legal liability, and one purely judicial in its character. The governor is nowhere by any statute given the exclusive power of deciding such questions.

Argued orally by *Monroe McClurg,* attorney-general, for the appellant, and by *Frank Johnston,* for appellee.

TERRAL, J., delivered the opinion of the court.

On the 21st day of May, 1894, the governor of the state, by proclamation, offered a reward of $500 for the arrest of J. A. C. Shrader, Jr., who had prior thereto shot and killed K. N. Parish, in Sharkey county, and for the delivery of said Shrader to the sheriff of said county; said reward was payable one-half on the delivery of said Shrader to the sheriff of said county, and one-half upon his conviction. Suit is here brought for the one-half of the said reward, which was to be paid upon the conviction of Shrader. The plaintiff in his declaration alleges that he arrested Shrader and delivered him to the sheriff of Sharkey county, when he was paid one-half of said reward, and that thereafter Shrader was convicted of manslaughter in the killing of said Parish, and was sentenced therefor, when he applied to the governor for the remaining half of said reward, who refused to pay the same. Plaintiff further alleges

that he has applied to the auditor of public accounts for the payment of said sum of money, but said auditor declined to issue his warrant for said amount, wherefore he sues.    A demurrer to the declaration was overruled.    An issue upon said claim was tried by a jury, and a verdict was given for the plaintiff.    The state appeals.

The demurrer of the state to the declaration should have been sustained.    The declaration shows no cause of action. A claim against the state for which suit may be brought must be such as the auditor of public accounts must audit as the ministerial officer of the state for that purpose, under § 4243 of the annotated code.    The claim here is not of that sort; it is not in any sense examined and audited by the auditor of public accounts.    He issues his warrant for the payment of rewards only upon the order and direction of the governor.    The auditor is not concerned to determine whether the reward has been earned or not; he settles nothing in the case; if directed by the governor, he issues a warrant for the reward in mere compliance with the order of the governor, and not as settling or adjusting a claim due the person calling for the warrant.

The offering of rewards and the payment of them are matters intrusted solely to the discretion of the governor.    The legislature controls his discretioin in a measure by fixing the amount that may be expended in this branch of the public service, for without an appropriation, no reward could be paid.    In all other respects the subject is solely within the discretion of the executive.

This is an effort to accomplish indirectly what cannot be done directly.    It is manifest that the payment of a reward is to be made by the direction of the governor alone.    If he should direct the auditor to issue his warrant on the treasury for a reward, and the auditor should refuse to issue it, we doubt not a mandamus would lie against the auditor to compel its issuance.    No suit to fix liability would be necessary.    The

auditor would not be heard, for any cause whatever, to question the right of the governor. And as he could not question the governor's right to direct the issuance of the warrant or refuse to issue a warrant thereon, so he cannot question the wisdom of the governor's discretion in withholding or refusing his order for the issuance of a warrant for the payment of a reward, when it is withheld or refused. Even if it be true that the plaintiff has a right as an individual, of which he is deprived, and that he should have a remedy according to the maxim of the common law on that subject, he cannot prevail in this suit, for every claim against the public as a corporate body must come within the letter of the law conferring such right, and the method of its payment must be specifically pursued. In a case similar to this in respect to its being a claim of right based upon a meritorious consideration, Judge Cooley, speaking for the court, said: "The law must leave the final decision upon every claim and every controversy somewhere, and when that decision has been made, it must be accepted as correct. The presumption is just as conclusive in favor of executive action as in favor of judicial. The party applying for action, which, under the constitution and laws, depends on the executive discretion, or is to be determined by the executive judgment, if he fails to obtain it, has sought the proper remedy, and must submit to the decision." *Sutherland* v. *The Governor,* 29 Mich., 320, 330. The reasoning of the court in this class of cases proceeds upon the principle that the legislative, executive, and judicial branches of government are co-ordinate, equal, separate and independent departments of government, and that the powers and duties of one of these departments cannot be performed through the instrumentalities of one of the other departments of the government. For if the authority confided to any one department of government may be exercised by another department of the government, the integrity and independence of the department whose powers are usurped by

the other are lost and destroyed. This cardinal principle of constitutional governments among the American states is sustained by reasoning of unsurpassed ability by the judges in the Michigan case above cited, and in *Hawkins* v. *The Governor,* 1 Ark., 570; *The State* v. *Governor,* 25 N. J., 331.

All the duties enjoined upon the chief executive of the state are imposed by the constitution or by law. They are political in their nature, not ministerial, and are of such administrative character that they are wholly confided to his sole judgment and discretion. In *Vicksburg, etc., R. R. Co.* v. *Lowry,* 61 Miss., 102, Chief Justice Campbell emphasized the integrity and independence of the head of the executive branch of the government by declaring that the governor could not be compelled to do any act.

Undoubtedly we indulge the presumption, as it is our duty and pleasure to do, that the governor rightly refused his order in the instance here before the court. The record discloses that the person arrested surrendered himself upon an understanding had with his counsel, that a part of the reward was to be applied to the making of his defense. If the case had been one of which the court had jurisdiction, the verdict should have been for the state. But we do not rest our decision upon that ground. We prefer to place it distinctly upon the ground that the action of the executive cannot be coerced, nor can the effect of his refusal to act be evaded by an application to the judicial department of the government. What cannot be done directly should not be done by indirection.

The able brief of the learned counsel of appellee has made us to hesitate upon the decision of the case; but in our apprehension of the matter, the point of the case is too clear for argument. And when counsel in his brief admits, as he distinctly does, that no process could issue against the auditor to compel him to issue a warrant without the order of the governor, it logically follows from this premise that the order of

the governor is the proper warrant to the auditor for that end. In our opinion, no other authority can be substituted for it. Great common law powers exist in the circuit court in supervising ministerial officers and inferior courts, but it has no jurisdiction in this case.

Judge Whitfield concurs on the ground that the facts clearly show a case not proper for a reward within the contemplation of the law, it being a voluntary surrender, and not a capture in any legal sense.

Calhoon, J., concurs in the conclusion reached by the opinion on both points.

*Reversed and dismissed.*