## JAMES C. HALL *v.* STATE OF MISSISSIPPI.

1. SUITS AGAINST THE STATE.

    A sovereign state cannot be sued except by its consent.

2. SAME. *Code* 1892, § 4248.

    Code 1892, § 4248, authorizing suits against the state in certain cases, does not embrace claims which the auditor of public accounts is not empowered to audit and allow.

FROM the circuit court of the first district, Hinds county. HON. L. BRAME, Special Judge.

Hall, appellant, was plaintiff in the court below; the State, appellee, was defendant there. The facts are stated in the opinion of the court.

*Frank Johnston*, for appellant.

The question presented is whether under § 4248 of the code of 1892 a suit may be brought on this claim against the state.

It is contended by the attorney-general that the decision in the case of *State* v. *Dinkins*, 77 Miss., 874, sustains the proposition that a suit can be brought against the state only on claims for which the auditor is authorized by law to issue his warrant. The question, as thus comprehensively stated, was not involved in that case. The question there presented was, whether a claim arising under the offer of a reward by the governor, could be sued on ; and the question was not be-

fore the court in that case, in respect to whether claims of an altogether different character are within the statute allowing suits against the state.

The decision is only authority for the proposition that claims of the class then before the court come exclusively within the functions of the executive, and the action of the governor, in disposing of such claims, is final and conclusive.

The circuit court followed the decision in *State* v. *Dinkins*, upon the view that it overruled the former case of *Whitney* v. *State*, 52 Miss., 732. This is not a correct view of the decision in the Dinkins case. Dinkins' claim could be paid only by an order of the governor on the auditor, directing him to issue his warrant for the claim. The question was, whether the state could be sued upon a claim of this particular character, and not whether a suit could be brought against the state on claims of a general kind and of a different character.

Section 3201 of the code of 1892 gives the board of control authority to lease lands upon which to work the state convicts, and there is no contention on this question.

The effect of the contention of the attorney-general is, that the board of control may make a valid contract of lease, and violate its stipulations and conditions with impunity, and that the other party to the contract had no remedy whatever in the courts of the state for the adjudication of his rights under the contract. The case of *Whitney* v. *State*, 52 Miss., 732, is a precedent for the present suit.

Section 4248 of the code of 1892 does not define the claims that may be sued on as those for which the auditor may issue his warrant. The provision is, that no claim can be sued on unless a demand shall first be made on the auditor. The purpose of the statute is to give this official an opportunity of paying the claim, if there is any authority for its payment.

It is equally clear that the purpose was not to limit suits against the state to claims which the auditor is authorized by law to pay.

---

---

Where the state placed itself in the attitude of the lessee of large quantities of land upon which it placed its convicts, it assumed all of the obligations and responsibilities of an individual.

One of the many good reasons for the statute allowing suits against the state, is to avoid the trouble and expense involved in having controversies of a judicial character tried by the legislature. Besides this, when the state goes into business relations with its citizens, every consideration of justice and fair dealing requires that controversies in respect to the contract rights of both parties should be adjudicated by the courts of the state.

If it be held that no suit can be brought against the state except upon a claim for which the auditor is authorized to issue his warrant, then it would follow that no suit whatever can be brought against the state.

The auditor can only issue his warrant for a claim in cases where he is authorized by law to do so, and where an application is made for its payment. In all such cases a proceeding of mandamus against the auditor would be the proper remedy and no suit could be maintained in such cases against the state, for, in such a suit, the plea would be that the state was not in default, and the proper remedy was mandamus against the auditor for failure to do his duty.

*Monroe McClurg*, attorney-general, for appellee.

The demurrer was properly sustained. The appellant should have protected himself by the contract. The sovereign has not consented to be sued in this class of cases.

TERRAL, J., delivered the opinion of the court.

Appellant brought suit against the State of Mississippi for $6,000 damages alleged to have been inflicted upon his plantation in Sharkey county during the years 1897, 1898 and 1899,

rented by him for that time to the board of control of the state penitentiary, and which said damages were alleged to have been inflicted upon said plantation by reason of the breach of said contract of lease that the property should be used and cultivated in a reasonable and careful manner. A bill of particulars of said damages is attached to the declaration. A demurrer to the declaration was sustained, and the plaintiff below appeals.

It is too well settled to need ·citation of authority that a sovereign state cannot be sued except by its consent. The general rule is not questioned by the learned counsel of the appellant, but he insists such consent is found in § 4248, code of 1892. That section reads as follows: "§ 4248. *When the State May be Sued.*—Any person having a claim against the State of Mississippi, after demand made of the auditor of public accounts therefor and his refusal to issue a warrant on the treasurer in payment of such claim, may, where it is not otherwise provided, bring suit therefor against the state, in the court having jurisdiction of the subject-matter which holds its session at the seat of government." The statute must be taken as a whole, and construed so as to give every part of it·reasonable effect. The clause that a demand must first be made on the auditor of public accounts can, it seems to us, have no effect unless the claim be one which the law prescribes for audition and allowance by him. While the declaration here alleges that his claim has been presented to the auditor of public accounts for allowance, and that he has refused to issue a warrant thereon, yet it is not insisted that the auditor failed of any duty in respect to this claim. It is for unliquidated damages arising from bad husbandry on a contract of lease, and needs evidence and counter-evidence for its adjustment, and the adjudication of some tribunal for fixing the same. It is not like the ordinary claims upon which the auditor may pass, such as salaries, or fees of officers, or fixed sums under express contracts; but it is of a wholly different nature. And so it is

contended that the presentation of it to the auditor of public accounts is a matter of mere form; not in the expectation that he will issue upon it, but as the mere incident to the bringing of a suit upon it.    But we think this clause of the statute is a substantial part of it, and fundamental in relation to suits under it.   .If it is to have any operation in the interpretation of the statute, then the auditor of public accounts is required to examine and adjust the claim, and it is upon his refusal so to do that a suit may be brought against the state.    The auditor could not audit this claim, and it is not insisted in argument that he could do so ; and, because it is not a claim which he could audit, we think it is not capable of supporting a suit. In *Whitney* v. *State*, 52 Miss., 732, a suit was sustained against the state, but the claim there was one for which the act authorizing its creation expressly required the auditor to issue his warrant.

*Affirmed.*