GULF EXPORT CO. *v.* STATE ET AL.

[73 South. 281, Division B.]

1. STATES. *Actions. Liability to suits.* · *Sufficiency of bill. Officers. Authority. Auditor. Involuntary dismissal. Venue. Change. Defendant's residence.*

Under Code 1906, section 4800, so providing, persons having claims against the state must submit them to the auditor before suit and an action cannot be brought upon such a claim which the auditor has no authority to audit and allow.

2. STATE. *Actions. Sufficiency of bill.*

A bill in equity against the state for alleged breach of a contract made by the governor with the complainant, but not showing any authority on the governor's part to make the contract, does not show a binding contract on the state.

3. STATE. *Actions. Officers. Authority. Auditor.*

The auditor of the state has no authority to audit and allow a claim for damages for breach of contract.

4. STATES. *Actions. Liability to suit.*

A chancery court has no general equity power to decree what the state should pay for an alleged breach of contract. The au-

thority to sue the state has always been a subject of legislation in this state and the legislature having dealt with and treated the subject, its treatment and its statutory enactment must be regarded as exclusive of any remedy by common law or original equity jurisdiction.

5. STATE. *Actions against. Involuntary dismissal.*

Where a bill does not state such a claim for which suit is authorized to be brought against the state in its sovereign capacity, the chancellor is authorized to dismiss such suit, as to the state.

6. VENUE. *Change. Defendant's residence.*

Where a suit against the state and several other defendants was dismissed as to the state and none of the other defendants lived in the county where the suit was brought, the venue was properly changed to the county, of the residence of the principal defendant.

APPEAL from the chancery court of Hinds county.

HON. O. B. TAYLOR, Chancellor.

Bill by the Gulf Export Company against the state of Mississippi and others. From a decree dismissing the suit as to the state and a change of venue as to the other defendants, plaintiff appeals.

Appellant instituted this action in the chancery court of Hinds county against the state in its sovereign capacity and against Earl Brewer, at that time Governor, and W. A. Montgomery, P. E. Matthews, and J. F. Thames, trustees of the state penitentiary. The bill claims damages for the alleged breach of contract charged to have been entered into between complainant and Earl Brewer as the Governor of the state, by the terms of which complainant was to transport on the steamship "Huso" a cargo of cotton grown on the state farms. The cotton was to be carried from Gulfport to Copenhagen. The bill charged that the contract is evidenced by certain correspondence and telegrams set forth in the bill. There does not appear to be any express contract with the trustees of the state penitentiary to ship the cotton in question, and the trustees declined to ship the cotton after some disagreement between themselves and complainant

about the insurance on the cargo. The bill does not show any authority on the part of the Governor of the state to enter into the contract, but charges that "Brewer had assumed to bind the state of Mississippi," and at another point that "said Earl Brewer, assuming to act for said state, sought to change the contract made as aforesaid, but said complainants declined so to do." Another paragraph of the bill avers that "the liability is either upon the said Earl Brewer or the state, but which is liable your orators are unable to say, but aver that this depends upon the solution of a question of fact as to which there is no adequate remedy at law, and said suit cannot be safely determined, except in equity where all of the facts may be heard and the liability may be imposed in accordance with the law." It is charged complainants would have received seventy-eight thousand three hundred and seventy-five dollars for the tonnage if the state had carried out its contract, but that when it refused to make the shipment, complainant sold the tonnage to Boyce & Co. of Memphis, Tenn., for forty-five thousand six hundred dollars, and the latter company bought the cotton from the state and diverted the shipment to other points. The trustees of the penitentiary were made defendants, but there is no prayer for relief against them individually. The bill claims the right to recover the sum sued for "either from the state of Mississippi or from the said Earl Brewer." It is alleged that demand was made upon the auditor for an audit and allowance of the claim sued for, but the auditor had failed and refused to allow the claim.

The state in its sovereign capacity filed a motion to dismiss the suit as against the state for want of jurisdiction in the court to entertain the suit made by the facts stated in the bill, and because there is no statute authorizing any such suit against the state, the claim sued on being one which the auditor has

no authority to audit and allow and the suit made by the pleadings not being such as is contemplated and allowed by section 4800 of Code authorizing suits against the state. No one of the individual defendants sued is a resident of the first district of Hinds county where the suit was instituted, and these defendants entered a motion for a change of venue. The chancellor sustained the motion to dismiss the suit as against the state and also changed the venue to Coahoma county where the defendant Earl Brewer is domiciled. An appeal was prayed for and granted from the decree entered in order to settle the principles of the case.

*Green & Green,* for appellant.

*Geo. H. Ethridge,* Assistant Attorney-General for the state.

Stevens, J., delivered the opinion of the court.

Section 4800 of the Code defines and measures the right of any one to sue the state in its sovereign capacity. This section of our Code has been judicially interpreted by our court, and it only remains for us to follow the path which our legislature and court has surveyed and blazed out. To support a suit against the state, the claim must be a claim which the auditor has authority to audit and to allow.

The claim here sued on is not of that character. The bill in the first place does not show any binding contract on the part of the state; and in the second place, should we concede the validity of the contract, the action here is one for damages for the breach thereof and the determination of the amount of damages would require "evidence and counter evidence for its adjustment, and the adjudication of some tribunal for fixing the same." As stated by Terral, J., in *Hall* v. *State,* 79 Miss. 38, 29 So. 994:

"The auditor could not audit this claim, and it is not insisted in argument that he could do so; and, because it is not a claim which he could audit, we think it is not capable of supporting a suit."

Before the decision in the Hall Case was announced our court by TERRAL, J., announced in *State* v. *Dinkins,* 77 Miss. 874, 27 So. 832, that:

"A claim against the state for which suit may be brought must be such as the auditor of public accounts must audit as the ministerial officer of the state for that purpose, under paragraph 4248 of the Annotated Code (1892)."

Counsel for appellant by oral argument and brief has traced in a most interesting way the history of the statute conferring the right to sue the state, and contends with much persuasion that equity has jurisdiction to inquire into the rights and claim of appellant, and to enter a decree adjudicating the equity of the claim without entering a monetary judgment; that the chancery court under general equity jurisdiction would have the right to enter a decree that would be monitory but not mandatory upon the sovereign, and that upon the faith and persuasive force of this decree appellant could then approach the Legislature and ask for an appropriation. It is argued that under *Farish* v. *State,* 2 How. 826, and *State* v. *Mayes,* 28 Miss. 706, it was competent to institute a suit in equity similar to that which at one time could be instituted in England under a petition *monstrans de droit.* Upon a reconsideration of the Farish Case as disclosed by the opinion in 4 How. 170, our court did not hold that the remedy by *monstrans de droit* could be availed of in a court of chancery in Mississippi. The court in the Farish Case had under consideration the constitutionality of the act of 1833 (Hutchinson's Mississippi Code, p. 769) giving the right to any person having a just claim against the state of Mississippi to exhibit and file a bill in equity against the state. What the court

held in the Farish Case as that under the provisions
of the Constitution and the act of the legislature of
1833, authorizing suits against the state to be insti-
tuted in a court of chancery, such suits could be
brought in equity against the state as expressly de-
clared by the statute, and that the remedy conferred by
the statute was ''quite analogous to the exhibition of
the bill in our court of chancery'' in England where-
by the remedy by *monstrans de droit* was prosecuted.
The opinion says that:

''No reason can be perceived why the chancellor
should not be suffered to perform the same conscien-
tious office for our goverment.''

But under the Farish Case there was express au-
thority conferred by the Constitution and statute then
under review. The court did not rely upon general
equity jurisdiction. The authority to sue the state has
always been a subject of legislation in Mississippi, and
the legislature having dealt with and treated the sub-
ject, its treatment and its statutory enactment must
be regarded as exclusive of any remedy by common
law or original equity jurisdiction. The reason for
this is apparent. In America there is not and never
has been such a thing as a king. Our system of govern-
ment is entirely different. Here, we have constitu-
tional governments and, as stated by TERRAL, J., in
*State* v. *Dinkins, supra*:

''The legislative, executive, and judicial branches
of government are co-ordinate, equal, separate and
independent departments of government, and that the
powers and duties of one of these departments cannot
be performed through the instrumentalities of one of
the other departments of the government.''

Under section 63 of our Constitution:

''No appropriation bill shall be passed by the legis-
lature which does not fix definitely the maximum sum
thereby authorized to be drawn from the treasury.''

And the auditor cannot allow a claim for which no appropriation is made. If he refuses to audit and allow a claim over which he has jurisdiction, then the complaining party may sue the state. If the claim is one which the auditor cannot audit and allow the complaining party can and must seek relief from the legislatnre, one of the co-ordinate branches of our state government. Such is the meaning of section 4800 of the Code as already judicially interpreted by our court.

Counsel for appellant insist that the lower court had no right to look to the pleadings to determine whether or not the bill sufficiently states a claim against the state. To this we cannot agree. Appellant is bound by its own pleading, and if the bill does not state such a claim for which suit is authorized, then the court had no jurisdiction of the suit against the state. The action of the chancellor in dismissing the suit against the state in its sovereign capacity must be approved.

There was no error in changing the venue. This disposes of all questions presented for our decision.

*Affirmed and remanded.*