# BAY STATE MILLING COMPANY

## v.

# ROYAL BANK OF CANADA.

---

San Juan, Law, No. 1299.

### LIABILITY OF BANK FOR DRAFT.

Bank Draft—Letter of Instructions.
> 1. Where there is a conflict between the contents of a draft and letter of instructions sending it, the letter must be followed.

Bank Draft—Collecting Bank.
> 2. The fact that the actual compensation of a collecting bank is small does not make any difference if it undertakes to collect the draft.

Bank Draft—Negligence.
> 3. The liability of a collecting bank for negligence is not governed by local but by general commercial law.

Bank Draft—Diligence.
> 4. Banks are bound to use due diligence in the presentation of a draft and notifying its correspondent if this is not paid.

Bay State Milling Co. v. Royal Bank of Canada.

Statement of facts pleaded:

The complaint in this case was filed April 15, 1919, and the matter has been argued and submitted upon demurrer thereto. The suit is upon two causes of action, the first relating to a draft for $13,035.75, dated September 1, 1917, for flour sold by the plaintiff to one Placido Martinez at San Juan, and with bill of lading attached sent through intermediate banks to the defendant for collection. The draft on its face says "No Protest" and "documents attached to be surrendered upon acceptance of this draft." There is an indorsement: "No protest for nonacceptance only. If refused, hold and advise reason by mail. If accepted, protest at maturity for nonpayment." The draft was received by the defendant at San Juan September 20, 1917, and on December 20, 1917, was presented to Martinez and accepted by him. Defendant thereupon delivered the bill of lading to Martinez, who obtained the flour and sold it. He did not, however, pay the draft at its maturity, December 30. Meantime another transaction had occurred which is the basis of a second cause of action set out in the complaint, that is to say, the plaintiff made another sale of flour to Martinez October 6, 1917, for $12,650, and draft and bill of lading in similar form were forwarded to the defendant for collection. The instructions upon the face and back of this second draft were in the same language as upon the first draft, but the Minneapolis Bank instructed the defendant by writing accompanying it to deliver the bill of lading to Martinez only upon payment of the draft. All of these papers were received by the defendant October 18, 1917. On November 26 the defendant presented the draft to Martinez, who accepted it, and defendant thereupon delivered the second bill of lading to him. He obtained the

flour and sold it, and would not pay the draft when it became due December 6. No information as to either draft or bill of lading was given plaintiff until after default·in payment. The complaint alleges that all this time Martinez was without financial standing, and that this was known to the defendant.

The demurrer raises the question of liability of the defendant upon each count so set out.

*Mr. II. G. Molina* for plaintiff.

*Mr. Chas. Hartzell* for defendant.

HAMILTON, Judge, delivered the following opinion:

1. The defendant rests its argument upon the allegation that it followed the instructions of the draft itself, which directed delivery of the bill of lading upon acceptance of the draft. As to the second draft, however, that is to say, as to the claim in the second cause of action as stated, there were special instructions sent at the same time. There can be no reasonable doubt as to which should control in case of difference between the face of the draft and the letter of instructions in which it is inclosed. The letter of instructions containing the draft and directing its collection is the authority upon which the collecting bank must proceed. It is this which constitutes the contract between the forwarding and the collecting bank, and, if it varies from the draft, the letter is to be followed, and not the terms of the draft. Exchange Nat. Bank v. Third Nat. Bank, 112 U. S. 276, 292, 28 L. ed. 722, 728, 5 Sup. Ct. Rep. 491. The demurrer, therefore, is not well taken to the second cause of action.

Bay State Milling Co. v. Royal Bank of Canada.

2. There is, however, no allegation of special instructions in regard to the first draft, described in the first cause of action. The draft was sent for collection and on its face it directed delivery of the bill of lading when the draft was accepted. The question is, Was this instruction to be followed when the surrounding circumstances, known to the collecting bank but not to the forwarding bank, became entirely different? The complaint alleges that not only did the collecting bank, defendant here, know that Martinez was in bad financial standing, but during the three months in which the first draft was in the hands of the defendant the second draft had been delivered to him, and was not only dishonored, but that he had appropriated the proceeds of the flour obtained through the bill of lading attached thereto. In other words, the first cause of action does not present a case of violation of written instructions, but raises the question of negligence on the part of the collecting bank.

It is quite true that the collecting bank actually receives but a small compensation for handling a particular draft; nevertheless, if it undertakes to collect a draft, that of itself imports a consideration, and the vast interchange of business among banks in our existing civilization furnishes sufficient compensation for the exercise of their respective duties.

3. The question of liability of a collecting bank for negligence is one not governed by the local law, and a consideration of this subject need not detain us. It has been held that in matters of general jurisprudence local decisions do not control Federal courts. Boyce v. Tabb, 18 Wall. 546, 21 L. ed. 757. The same has been held in matters of commercial law. Oates v. First Nat. Bank, 100 U. S. 239, 25 L. ed. 580. So as to equity (Neves v. Scott, 13 How. 268, 14 L. ed. 140), as to common

law (Chicago v. Robbins, 2 Black, 418, 17 L. ed. 298), and so as to principles of law generally (Venice v. Murdock, 92 U. S. 502, 23 L. ed. 585). This is illustrated by a case in which the Supreme Court adopted the New York principle that the sending bank is liable to its depositor for the negligence of its correspondent, as against contrary rulings in Massachusetts and other states. The question, therefore, is one of general commercial law as interpreted by the Federal courts without regard to the decisions in local courts on the subject. Exchange Nat. Bank v. Third Nat. Bank, 112 U. S. 276, 28 L. ed. 722, 5 Sup. Ct. Rep. 141.

4. While this is not precisely the point at issue in the case at bar, much light is thrown upon the situation at bar. There is, for instance, involved that, upon receipt of a draft an implied undertaking of the collecting bank arises to take all measures to make demand of acceptance necessary to protect the rights of the holder. The taking by a bank from a customer in the usual course of business of paper for collection is sufficient evidence of valuable consideration for the service. The contract looking mainly to the collection, the undertaking is for the due use of all proper means to performance, and the responsibility extends to all necessary and proper means to accomplish that object. The agent to collect a draft is bound to do what a prudent principal would himself do. Exchange Nat. Bank v. Third Nat. Bank, 112 U. S. 276, 290, 291, 28 L. ed. 722, 727, 728, 5 Sup. Ct. Rep. 141. Banks are bound to use due diligence in the presentation of the draft and to notify promptly if same was not paid, and failure to exercise due diligence in this respect renders them liable for any resulting loss. Terrell v. Commercial Nat. Bank, — Tex. Civ. App. —, 199 S. W. 1134.

Bay State Milling Co. v. Royal Bank of Canada.

A collecting bank, knowing of the depressed financial condition of the debtor, is delinquent in its duty if it neglects to inform its customer of such vital condition, and fails to take vigorous measures under the circumstances to secure payment, and if loss occurs by its negligence to exercise that degree of skill, care, and diligence which the nature of its undertaking calls for, with reference to the time, place, and circumstances surrounding the undertaking, it will incur liability to its principal for the loss sustained. Pinkney v. Kanawha Valley Bank, 68 W. Va. 254, 32 L.R.A.(N.S.) 987, 988, 69 S. E. 1012, Ann. Cas. 1912B, 115.

The authorities are numerous and uniform to the effect that collecting banks must use diligence to protect parties who intrust them with the collection of commercial paper. This is elementary law, and we do not deem it necessary to cite authorities to support the obvious. Bank of Shaw v. Ransom, 112 Miss. 440, 73 So. 281.

What amounts to negligence in a particular case would depend upon the circumstances of that case as developed by the pleadings and upon the trial. All that is decided here is that upon the allegations of the complaint a case of negligence seems to be presented. It follows, therefore, that the demurrer must be overruled.

It is so ordered.