UNIVERSAL LIFE INS. CO. *v.* STATE *ex rel.* MILLER.

(Division A. April 22, 1929. Suggestion of Error Overruled May 13, 1929.)

[121 So. 849. No. 27799.]

Howie, Howie & Latham, of Jackson, for appellant.

Franklin, Easterling & Canizaro, of Jackson, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellant is a life insurance company domiciled at Memphis, Tenn., and which is doing business in the state of Mississippi. It has paid, except as hereinafter will appear, the two per cent. on the gross amount of premiums received by it in this state, required by section 134, chapter 118, Laws of 1926, except the sum of eight hundred seventy-six dollars and fifty cents, which it admits to be still due, and which it tendered to the tax collector and paid into court. A number of policies issued by it provide not only for strict life insurance, but also, as its charter expressly permits, for health and accident disability insurance. That life insurance companies frequently write such policies is a matter of common knowledge. The revenue agent, claiming that, under the statute hereinbefore referred to, the appellant's privilege tax to the extent of the policies issued by it, which include health and accident disability insurance, should be computed at two and three-fourths per cent. of the premiums received thereon, instituted this suit in the court below to recover three-fourths of one per cent. thereon; being the difference between the two per cent. paid and the two and three-fourths per cent. which the revenue agent claims should have been paid. The court below agreed with the revenue agent's contention, and rendered a judgment accordingly.

The statute referred to imposes a privilege tax on insurance companies, to be computed as follows:

"All life insurance companies or associations shall pay annually a tax of two per centum on the gross amount of premium receipts in this state. . . .

"All foreign insurance companies other than life insurance companies shall pay annually a tax equal to two and three-fourths per centum of the gross premiums written in this state covering risks located herein," etc.

The appellant is admittedly a life insurance company, but the appellee's contention is that it is also a health and accident disability insurance company, and therefore, when issuing health and accident disability policies, must, to the extent of such policies, be held to be doing, not a life insurance business, but a health and accident insurance business, and therefore to be within the second classification of the statute, which is "all foreign insurance companies other than life insurance companies."

The solution of this question is not without difficulty, and a decision either way cannot be free from doubt which the legislature can easily clear up.

The insurance business is regulated by statute, and is placed under the supervision of the insurance commissioner. Section 2598, Code of 1906 (Hemingway's Code 1927, section 5856), provides that:

"All corporations, associations, partnerships or individuals doing business in this state under any charter, contract, agreement or statute, of this or any other state, involving the payment of money or other things of value to families or representatives of policy and certificate holders or members, conditioned upon the continuance or cessation of human life, or involving an insurance, guaranty, contract or pledge for the payment of endowments for annuities, or who shall employ agents to solicit such business, shall be deemed to be life insurance companies and shall in all respects be subject to the laws

362

herein made and provided for in the government of life
insurance companies.''

Section 2576, Code of 1906 (Hemingway's Code 1927,
section 5830), provides that insurance companies may
be organized in this state for the following purposes:

'' . . . Fifth, to insure any person against bodily
injury or death by accident, or any person, firm or cor-
poration against loss or damage on account of the bodily
injury or death by accident of any person for which loss
or damage said person, firm or corporation is responsi-
ble. . . .

''Tenth, to carry on the business commonly known as
life and health insurance, on the stock plan; . . .
make and enter into such other contracts, conditioned up-
on the continuance or cessation of human life.''

Section 1, chapter 191, Laws of 1924 (Hemingway's
Code 1927, section 5995), provides:

''Any company organized under the provisions of this
chapter is empowered and authorized to make contracts
of insurance or to reinsure or accept reinsurance or any
portion thereof, to the extent specified in its articles of
association, for the kinds of insurance following: . . .

''7. *Life Insurance.*—To carry on the business com-
monly known as life insurance on the mutual plan, or
disability insurance; to contract for the payment of en-
dowments or annuities, or make and enter into such
other contracts, conditioned upon the continuance or
cessation of human life.''

The second of these statutes, it will be noted, groups
in the fifth paragraph thereof bodily injury and death by
accident, and in the tenth paragraph thereof life and
health; and the seventh paragraph of the third of these
statutes groups life and disability insurance without de-
fining the cause of the disability.

Health and accident disability insurance is, of course
strictly speaking, not life insurance, but is closely akin

to it and is of the same general nature. Corpus Juris says (volume 1, p. 404):

"It has been considered that accident insurance is akin to life insurance; and essentially the same principles underlie, and the same rules govern both kinds of insurance, and indeed, where an accident policy, in addition to the usual provision for indemnity against loss by reason of bodily injury by accidental causes, stipulates for the payment of a certain sum to a person named in case of the death of the insured by accident, it would seem clear that it is, in that aspect, a 'life insurance policy' or 'policy of insurance on life' as those terms are used in statutes relating to such policies."

This applies with equal force to health insurance. It would seem, therefore, that the intention of the legislature, in so far as the interpretation of chapter 134, Laws of 1926, is concerned, will be more probably carried out by holding that an insurance policy which includes both a death benefit and a health or accident disability benefit is a life insurance policy, and that the company writing it is liable for the tax imposed on an insurance company.

In one or more of appellant's policy forms, introduced in evidence, the death benefit does not exceed fifty dollars; the health and disability feature thereof being probably the more valuable. This we think is not material in the absence of a showing that the death benefit provision was inserted in the policy for the purpose of avoiding the higher tax. The premiums paid on these policies are comparatively small, as are the total benefits to be derived therefrom.

Whether an insurance company which writes only health and accident disability insurance, without including in its policies a death benefit, should be taxed as a life insurance company is not here presented, and we express no opinion thereon.

The decree of the court below will be reversed, and a decree for the appellee will be rendered here for the amount of its taxes admitted by the appellant to be due; no costs to be taxed against the appellant in this court or the one below.

Reversed, and decree here.