NATIONAL LIFE & ACCIDENT INS. CO. *v.* STATE *ex rel.*
MITCHELL, ATTORNEY-GENERAL.

(Division A. Feb. 16, 1931. Suggestion of Error Overruled March 2, 1931.)

[132 So. 549. No. 29224.]

Virgil **Howie** and **W. B. Fontaine**, both of Jackson, for appellant.

**J. A. Lauderdale,** Assistant Attorney-General, for the appellee.

Argued orally by **W. B. Fontaine** and **Virgil Howie,** for appellant, and by **J. A. Lauderdale,** Assistant Attorney-General, for appellee.

**McGowen, J.,** delivered the opinion of the court.

The appellant filed its declaration against the state of Mississippi seeking to recover from the state a refund of excess privilege tax amounting to two thousand thirty-one dollars and sixty cents, alleged to have been wrongfully collected from it by the state of Mississippi. The facts upon which the refund is claimed, and the principle of law involved, is to be found in the case of Universal Life Insurance Co. v. State ex rel. W. J. Miller, 155 Miss. 358, 121 So. 849. The declaration showed that the refund here sued for was actually paid to the state on the 11th day of July, 1923; that a claim for refund was filed with the auditor of public accounts on the 3d day of July, 1929, where it remained on file until January, 1930, at

which time it was referred to the attorney-general. The claim for refund remained with the attorney-general until June 7, 1930. The declaration alleges that this cause of action did not accrue until June 7, 1930. The suit was filed July 7, 1930. There was a demurrer to the declaration, mainly on three grounds: (1) That chapter 66, Hemingway's 1927 Code, section 5997, Code of 1930, does not authorize the suit set out in the declaration; (2) that it was not alleged that the legislature of the state of Mississippi had appropriated sufficient funds to pay said claim; and (3) that the cause of action was barred by the six-year statute of limitations.

In view of the conclusion we have reached in this case, we will consider only the first stated ground of demurrer. We are of the opinion that the cited chapter authorizing suits against the state does not apply to this case.

Section 3370, Hemingway's 1927 Code, is brought forward as section 5997, Code of 1930, and is in the following language: "Any person having a claim against the state of Mississippi, after demand made of the auditor of public accounts therefor, and his refusal to issue a warrant on the treasurer in payment of such claim, may, where it is not otherwise provided, bring suit therefor against the state, in the court having jurisdiction of the subject-matter which holds its sessions at the seat of government; and if there be no such court at the seat of government, such suit may be instituted in such court in the county in which the seat of government may be." Chapter 196, Laws of 1926, being section 3276, Code of 1930, provides the method for refunding to the taxpayer privilege taxes erroneously collected, which, in substance, says that the auditor of public accounts shall make a careful investigation of such claim and submit the audited claim to the attorney-general for his (the attorney-general's) inspection and approval; and au-

thorizes the payment thereof only upon its approval by the attorney-general. It is clear, therefore, that the auditor had no authority whatever to audit and allow such a claim for privilege taxes erroneously paid without the approval of the attorney-general. This state of case is ruled by Hall v. State, 79 Miss. 38, 29 So. 994, 995, in which it was held that this section authorizing suits against the state in certain cases does not embrace claims which the auditor of public accounts is not empowered to audit and allow. This was a claim for damages sued on by Hall, based upon an alleged breach of contract on a lease of real property by the state, in which the court said: "It is too well settled to need citation of authority that a sovereign state cannot be sued except by its consent. The general rule is not questioned by the learned counsel of the appellant, but he insists such consent is found in section 4248, Ann. Code." Then follows the section which we have quoted above. The court proceeds to say further: "The statute must be taken as a whole, and construed so as to give every part of it reasonable effect. The clause that a demand must first be made on the auditor of public accounts can, it seems to us, have no effect unless the claim be one which the law prescribes for audition and allowance by him."

Appellant here must rely upon the authority of the section which we have quoted. It is clear that the most that can be said for appellant's position is that the auditor has the power to audit, but it is also clear that he has not the power to allow the claim. The power to allow the claim is vested in the attorney-general. In the Hall v. State Case, supra, the court held that the auditor did not have authority to audit the claim. It is just as necessary that the auditor have authority to issue the warrant as it is to find the correct amount due. The audition and the allowance are made inseparable by the statute under which privilege taxes erroneously paid may be refunded.

In the case of State v. Dinkins, 77 Miss. 874, 27 So. 832, 833, Dinkins sued the state on the allegations that the governor had offered a reward for the arrest of a certain party, that the plaintiff had arrested the party and the auditor refused to audit and allow the account. In that case the court said: "The demurrer of the state to the declaration should have been sustained. The declaration shows no cause of action. A claim against the state, for which suit may be brought, must be such as the auditor of public accounts must audit, as the ministerial officer of the state for that purpose, under section 4248, Ann. Code. The claim here is not of that sort. It is not in any sense examined and audited by the auditor of public accounts. He issues his warrant for the payment of rewards only upon the order and direction of the governor."

In the case at bar the auditor has no authority whatever to issue a warrant unless and until the claim shall be approved by the attorney-general. It is a claim that the auditor cannot allow; therefore a suit may not be brought against the state thereon. Also see Gulf Export Co. v. State, 112 Miss. 452, 458, 73 So. 281. The demurrer was properly sustained. The other interesting questions raised by the demurrer are pretermitted.

The legislature evidently had in mind the construction of this court, as announced in the Hall case, of the statute permitting certain classes of suits against the state; at least we must so assume, for it distinctly conferred the power and duty upon the attorney-general to pass on and approve claims, and did not confer such power upon the auditor of public accounts. That there has been no way provided by which these taxpayers may sue the state seems to be deliberate on the part of the legislature.

Affirmed.