62 So.2d 801

## GOODWIN v. STATE.

6 Div. 569.

Court of Appeals of Alabama.

Jan. 20, 1953.

Wayne H. Weaver, Haleyville, and Fred S. Weaver, Double Springs, for appellant.

Si Garrett, Atty. Gen., L. E. Barton, Asst. Atty. Gen., and Thos. M. Haas, of counsel, for the State.

CARR, Presiding Judge.

This appeal is from a judgment of conviction on a charge of driving an automobile while intoxicated. Title 36, Sec. 2, Code 1940.

Without dispute in the evidence the appellant, while driving an automobile along a public road or highway in Winston County, Alabama, was in a collision with another car driven by a Mr. Bridges.

While testifying for the state Mr. Bridges was asked: "Was anyone injured in that wreck?"

Over appellant's timely objections the court permitted the witness to answer: "My wife and daughter."

From the court's comment when he ruled it is indicated that he considered this injury as coming under the res gestae rule.

This exact question was before this court for review in the case of Howard v. State, 24 Ala.App. 191, 132 So. 549. We held that it was reversible error to allow this character of proof.

In the case of Phillips v. State, 25 Ala. App. 286, 145 So. 169, we reversed the judgment of the court below because the trial judge allowed proof that another car was damaged in a collision with appellant's automobile.

Both of the above cited cases were based on a prosecution for driving while intoxicated.

We are of the opinion that these prior decisions are sound, and we are not now prepared to depart from this holding.

There are other questions presented and pressed for error, but in their nature they are either not meritorious or will not likely arise in the event of another trial.

The judgment below is ordered reversed and the cause remanded.

Reversed and remanded.

