74 So.2d 617

### Cleo WALKER v. STATE.

### 3 Div. 969.

Court of Appeals of Alabama.

June 15, 1954.

Rehearing Denied June 29, 1954.

Nesbitt Elmore and Harry H. Perdue, Jr., Montgomery, for appellant.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Owen Bridges, Montgomery, of counsel, for the State.

HARWOOD, Judge.

This appellant has been convicted of the offense of driving while intoxicated.

Trial was had before the court without a jury.

The evidence presented by the State was abundant in its tendencies to establish the offense charged, though evidence presented by the appellant was directed toward showing that the appellant was not intoxicated at the time the car driven by him collided with one driven by Mr. C. E. Bennett.

Over the appellant's well grounded objections the State was permitted to show the injuries sustained by the occupants of the Bennett car, as well as the damage to the car itself. To this end photographs of the Bennett car taken after the collision were received in evidence over appellant's objections and exceptions.

It is the established doctrine of the decisions of this court that evidence of injury, either to persons or to the automobiles involved, are not admissible in prosecutions for driving while intoxicated. This for the reason that such evidence is irrelevant and immaterial to the question at issue, that is, whether the accused was intoxicated at the time he was operating the automobile. The probable prejudicial effect of such immaterial evidence cannot be questioned.

The error infecting the rulings in the above instance necessitates a reversal of this cause. Howard v. State, 24 Ala. App. 191, 132 So. 459; Phillips v. State, 25 Ala.App. 286, 145 So. 169; Goodwin v. State, 36 Ala.App. 680, 62 So.2d 801.

Reversed and remanded.