BARRON, Judge.
Thomas W. Thompson was indicted for murder by a Covington County Grand Jury in March, 1981, and was tried and convicted by a jury on August 24, 1981. The trial court entered a judgment of conviction and sentenced him to 25 years imprisonment. This appeal follows.
During the early evening hours of September 24,1980, appellant and a companion, Gathriel Bolling, were involved in an incident with the deceased, Thomas Ward, and a companion, Ernest Jackson. The incident, which occurred in the parking lot of the Firestone store on River Falls Street in Andalusia, culminated in the fatal shooting of Ward and the wounding of appellant with the same gun.
A number of witnesses who were at or near the scene at the time of the incident testified at the trial.
I
Appellant urges that the verdict of murder is an improper one because of the evidence that he had withdrawn from the conflict and that it is not clear from the evidence that he was the original aggressor.
With respect to claims of self-defense in the killing of an aggressor, this court, in Moore v. State, 364 So.2d 411 (Ala.Cr.App.), cert. denied, 364 So.2d 416 (Ala.1978), has held that self-defense, like alibi evidence and all other conflicting evidence, is a question for the jury to determine. See, also, Graham v. State, 339 So.2d 110 (Ala.Cr.App. 1976).
To excuse one charged with murder on the grounds of self-defense, the accused must neither provoke nor encourage the difficulty, and must at the time have been, or appeared to have been, so menaced as to create a reasonable apprehension of loss of life or grievous bodily harm. There must be no reasonable mode of escape from the menace. McDonald v. State, 340 So.2d 80 (Ala.Cr.App.1976).
In determining the issue of who was the aggressor, we must look to the facts of the case. There is conflicting testimony as to how the parties came to be on the scene. Appellant and his companion, Bolling, testified that they were driving behind a car occupied by Ward and Jackson when the deceased, Ward, motioned for them to pull into the parking lot. Jackson, who was riding with the deceased, testified that he and Ward were driving by the parking lot when Thompson, who was at the parking lot, whistled at them, indicating that they should join him.
There is also conflicting testimony as to the series of events in the parking lot. Jackson, the companion of the deceased, claimed that appellant approached the car, leaned his head down, and said that the two occupants were “just the people he was looking for”, and that thereafter appellant and Ward got into a “scuffle” between the two parked cars. Appellant claims that he said nothing and was pulled into the car by Ward, thereby precipitating the “scuffle.” Appellant admitted shooting Ward but recalled nothing about how he became wounded. Appellant testified that Ward was moving toward him.
*228 Bolling, appellant’s companion, testified that Ward said he was “going to get” appellant, and that appellant told Ward “to stay back and just go on and there wouldn’t be no more trouble.” Bolling further testified that appellant had a gun in his back pocket.
There was no testimony that either the deceased or his companion possessed, displayed, or threatened to use a weapon of any type during the altercation.
Fisticuff blows do not, as a rule, inflict the grievous bodily harm which, other means of escape being cut off, will excuse the slaying of the assailant. Howard v. State, 390 So.2d 1070 (Ala.Cr.App.), cert. denied, 390 So.2d 1077 (Ala.1980).
Appellant’s trial testimony contradicted a prior statement he gave to police officer Treadaway shortly after the incident. A portion of officer Treadaway’s testimony follows:
“Q. All right. Did Tommy Thompson further describe to you how Thomas Ward got shot?
“A. Yes sir, he said what had happened, Mr. Ward had taken the gun out of his pocket, he was wrestling with him over the gun, said he heard a pop. He let go and backed up about a foot, then Mr. Ward brought the gun down and shot him in the left side.
“Q. Thomas Ward had the gun in his hand during this whole time, is that correct?
“A. By Mr. Thompson.
“Q. By his statement on September the 27th.
“A. Yes, sir.
“Q. And Thomas Ward got the gun out of his back pocket and they were tussling over the gun?
“A. Yes, sir.
“Q. And that Thomas Ward shot himself and killed himself, is that correct?
“A. Yes, sir.
“Q. And further that Thomas Ward shot the Defendant, Tommy Thompson? Is that correct?
“A. Yes, sir.”
During his trial testimony, appellant testified that he shot Ward, and that he had no recollection of the events after seeing Ward fall down. Appellant did not deny shooting himself, and there was evidence from witnesses indicating that he did, in fact, shoot Ward and then, minutes later, himself.
Applying the law to the facts in this case, it is clear that appellant’s claim of justifiable homicide is without merit.
II
Appellant argues that photographs released into evidence showing blood on the deceased’s forehead should not have been admissible because it was unproven that the forehead wound was the cause of death. The rule as to admissibility of such photographic evidence was stated in McKee v. State, 253 Ala. 235, 44 So.2d 781 (1950):
“[t]he art of photography is generally relied on for depicting the resemblance of persons, objects, things and places, and when verified by evidence, extrinsic of the photographs, going to show that they correctly depict the thing or object at the time they were taken, photographs are admissible in evidence in a criminal prosecution, if they tend to shed light on, strengthen or illustrate the truth of other testimony offered by the prosecution.”
See also Braswell v. State, 371 So.2d 992 (Ala.Cr.App.1979); McKee, supra.
The photographs illustrated the testimony of the medical examiner, Dr. Gilchrist, which was extrinsic of the photographs, and were clearly admissible. Appellant relies on Walker v. State, 37 Ala.App. 639, 74 So.2d 617 (1954), which is distinguished from the instant case in that the Walker photographs of a wrecked car and injured passengers were improperly admitted to prove intoxication of a driver who caused the accident.
The photographs in the instant case did not and could not prove cause of death. They simply depicted the physical appearance of the deceased in a manner long recognized by this court as acceptable.
*229 There was no error in the admission of the photographs in this case.
III
Appellant urges that the trial court erred in overruling his motion for a new trial on the basis of newly discovered evidence concerning the deceased’s reputation for violence. The testimony of appellant’s witness was heard by the trial court at a hearing on the motion for a new trial.
On a motion for a new trial, based upon newly discovered evidence, the decision of the trial court will not be disturbed unless there is an abuse of discretion. McBryar v. State, 368 So.2d 568 (Ala.Cr. App.1979), cert. denied, 368 So.2d 575 (Ala. 1979); White v. State, 294 Ala. 265, 314 So.2d 857 (1975).
Nichols v. State, 267 Ala. 217, 100 So.2d 750 (1958), provides the applicable rule:
“In order for a new trial to be granted on newly discovered evidence, the movant must show that the proffered evidence could not have been discovered before trial by use of diligence, that it was material and competent, not merely cumulative, and will probably change the result.”
We hold that appellant did not meet the required tests, and that there was no abuse of discretion by the trial court in denying the motion for a new trial on the basis of newly discovered evidence.
IV
The appellant claims that there was error in the procedure used in sentencing the defendant.
It is unclear what error is claimed, as the record is silent as to whether or not the judge received and relied on a presentence report.
The error complained of is not a part of the record, and there was no objection and adverse ruling to preserve this complaint for review. Cooper v. State, 331 So.2d 752 (Ala.Crim.App.1976), cert. denied, 331 So.2d 759 (Ala.1976).
For the reasons stated, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.