GEORGE M. WESTON *versus* NATHAN DANE.

The State Treasurer cannot be required to pay out money received by him in his official capacity without a warrant from the Governor and Council.

ON REPORT by APPLETON, C. J.

ASSUMPSIT for money had and received. The case was submitted to the Court upon substantially the same facts presented in *Weston, Petitioner, &c.* v. *Dane, State Treasurer,* 51 Maine, 461.

*A. Libbey,* for plaintiff.

Although the money was received and receipted for by the defendant, in his official capacity, it never went into the State Treasury. By the terms of the Resolve, and order of the Council, the plaintiff's commission of twenty per cent. was to be *paid out of the sum received.* A part of it was so paid, and no account of it made on the Treasurer's books.

*J. A. Peters, Attorney General,* for the defendant.

APPLETON, C. J.—The plaintiff was appointed an agent of the State of Maine to prosecute certain claims upon the government of the United States. His compensation was established at twenty per cent. of the amount received by the State on said claim, and said *compensation to be taken from the amount so received.*

It is agreed that all the money paid by the United States came into the hands of the defendant, as State Treasurer, and was receipted for to the government of the United States by him in his official capacity.

The money being in the defendant's hands, as Treasurer, he cannot legally pay it out without the warrant of the Governor and Council, as required by the constitution. This the plaintiff has failed to obtain.

The plaintiff is an agent of the State for a special purpose. The amount of his compensation is fixed. The different

State officers serve the State for fixed salaries. But neither the plaintiff nor any other public servant can sue the State, however important his services.

Neither can the State Treasurer be held to pay an individual the amount due from the State. He could not legally pay the money without the warrant required by the constitution, and he should not be held individually responsible for acting in accordance with his official obligations. The plaintiff's claim is upon the Legislature, which we are bound to presume will pay a just and proper regard to any equitable claims of the plaintiff, for his meritorious services in behalf of the State.

The defendant has no money in his hands as an individual. For the money in controversy he has given his official bond to the State and he cannot be responsible therefor to the plaintiff. *Weston* v. *Dane*, 51 Maine, 461; *French* v. *Fuller*, 23 Pick., 108. A town treasurer is not liable, in an action for money had and received, to a creditor of the town, for neglecting to pay over money in his hands *appropriaedt* by the town to the payment of the claim of such creditor, and ordered to be so paid by the selectmen; but the remedy of the creditor is by an action against the town. It is the misfortune of the plaintiff, that no action can be brought against the State. *Plaintiff nonsuit.*

CUTTING and DICKERSON, JJ., concurred.

KENT, DAVIS and WALTON, JJ., concurred in the result.