STATE HIGHWAY COMMISSION *v.* GULLY, STATE TAX COLLECTOR.

(Division A.  Jan. 9, 1933.)

[145 So. 351.  No. 30281.]

632

Watkins, Watkins & Eager and Lotterhos & Travis, all of Jackson, J. A. Lauderdale, Assistant Attorney-General, and Greek L. Rice, Attorney-General, for appellant.

Chalmers Potter, of Jackson, for appellee.

Argued orally by **W. H. Watkins** and **Fred Lotterhos,** for appellant, and by **Chalmers Potter,** for appellee.

**Cook, J.,** delivered the opinion of the court.

This suit was filed in the circuit court of the first district of Hinds county, Mississippi, by the state tax collector, for and on behalf of all the counties of the state, alleging an erroneous distribution of the gasoline taxes whereby the said counties were deprived of their just proportion of the taxes which accrued' upon gasoline brought into the state for the purpose of sale during the month of September, 1930, and on which the tax was paid to the auditor of public accounts on or before October 20, 1930, but which was not distributed by him until after November 1, 1930, the effective date of the Mississippi Code of 1930. To the declaration, the defendant, state highway commission, filed two special pleas, to each of which a demurrer was sustained, and the highway commission having declined to plead further, a judgment was entered against it for fifty-seven thousand nine hundred fifteen dollars and sixteen cents, from which judgment this appeal was prosecuted.

The declaration alleged that the various distributors of gasoline doing business in the state of Mississippi during the month of September, 1930, paid to the auditor of public accounts, who was ex officio state gasoline tax collector, on or before October 20, 1930, the sum of five hundred seventy-nine thousand one hundred fifty-one dollars and sixty-five cents as taxes on gasoline distributed within the state during the month of September, 1930; that it then became and was the duty of said auditor to distribute this fund to the various counties of the state and to the state highway commission, on the basis of sixty per cent to the counties, to be prorated as required by law, and forty per cent to the state highway commission, but that the fund was distributed on the basis of fifty per cent to the counties and fifty per cent to the state highway commission. The declaration further averred that demand had been made upon the state highway commission for the payment of the ten per cent of this fund erroneously paid to it, and prayed for judgment against it for said sum.

To this declaration the appellant filed two special pleas, the first of which alleged that the auditor of public accounts of the state of Mississippi was, by statute, given jurisdiction over the licensing of companies for the sale and distribution of gasoline in the state of Mississippi; that under chapter 21, Extraordinary Session of 1928, all dealers in gasoline were required to pay over all taxes collected to the state auditor, on or before the twentieth of the month following the collection; and that, under section 4795, Code 1930, the said auditor was required to apportion said funds equally between the state treasury and the various counties of the state.

It was further alleged that the collections made as of October 20, 1930, consisted of a large number of items paid by check, which required at least fifteen days to clear; that these checks had to be entered and tabulated, and a complete record thereof compiled and completed; that the record of common carriers had to be checked,

as required by section 4796, Code 1930; and for these reasons it was not practical or convenient to distribute this fund within less than thirty days, which was a reasonable time for so doing.

It was further averred that on October 20, 1930, the state auditor, realizing that on November 1st thereafter he would have on hand the proceeds of collections of taxes on gasoline for September, 1930, collected as of October 20th, inquired of the attorney general as to whether this fund should be distributed according to the provisions of chapter 14, Extraordinary Session of 1928, or according to section 4795, Code 1930, which would become effective before the fund was distributed; that he was advised by the attorney general that he was required to distribute the taxes arising from the sale of gasoline which were on hand November 1, 1930, in compliance with section 4795, Code 1930, which was accordingly done.

By this plea it was further alleged that these funds were paid into the state treasury to the general credit of the highway account; that no part of the funds paid into the state highway commission account could come into the possession and control of the appellant except in the manner provided by section 5010, Code 1930, which required that, upon requisitions of the appellant, the state auditor should allocate said funds into the following accounts, to-wit: salary account funds, expense account funds, maintenance funds, and construction funds; that, after such allocation, it became and was the appellant's duty to disburse and expend such funds in the manner provided by sections 5010 and 5012, Code 1930; and it was prohibited by law from distributing said funds in any other manner or for any other purpose; and that, if any part of the funds sued for came into its possession, it received and disbursed the same in the manner provided by the named code sections, but it "would be unable to say upon which of said accounts said funds, or any part thereof, were allocated, but if allocated by the state auditor, as to which this defendant had no kind

of control or direction, the same were expended by this defendant solely and only in the manner and for the purpose provided by law."

The appellant also filed a second special plea averring that, "if the defendant ever came into the possession and control, with the power of disbursement, of any part of the fund alleged in the plaintiff's declaration, such funds, together with other funds paid into the state treasury by the auditor of the state of Mississippi, were allocated by the state auditor to one or more of the account funds referred to in section 5010 of the Mississippi 1930 Code, which funds this defendant was required to use, and did use, solely and only in the manner and for the purpose provided by law, and for no other purpose. That this suit is not such a suit as the plaintiff is and was authorized by law to institute and prosecute, neither is it such a suit as is, or was, by law authorized to be had, maintained and prosecuted against this defendant; that in said suit the various counties of the state of Mississippi are the real plaintiffs; that said counties are the creatures of the state of Mississippi, and without power and authority to have, bring, prosecute or maintain any suit whatsoever of any kind or nature against this defendant, which suit would be a suit against the state of Mississippi; that the defendant would be without power or authority to pay or satisfy any judgment which might be recovered except as a result of affirmative action and appropriation of the legislature of the state of Mississippi."

The acts of the legislature which bear upon the solution of the questions presented for decisions are: Section 15 of the act adopting the Code of 1930; section 4 of chapter 1 of said Code; chapter 14, Extraordinary Session of 1928; sections 4795, 5006, 5010, and 5012, Code 1930. Section 15 of the act adopting the Code of 1930, reads as follows: "The Mississippi Code of 1930 shall take effect and be in force from and after the first day of November, 1930, and all laws of a general character not brought forward or embodied in said code, except laws

granting exemptions from taxation for a period of years, shall be thereafter repealed; but this shall not apply to any act of the present legislature which is not incorporated in said code."

Section 4 of chapter 1, Code 1930, provides that: "The repeal of any statutory provisions by this code shall not affect any act done, or any cause of action, or any right accruing or accrued or established, or any suit or proceeding had or commenced in any civil case, or any plea or defense or bar thereto, previous to the time when such repeal shall take place; but the proceedings in every such case shall be conformed, as far as practicable to the provisions of this code."

Chapter 14, Extraordinary Session of 1928, provides in part, as follows:

"All excise taxes on gasoline received for sale or use on the highways, streets and alleys in this state which are levied, imposed, and collected under and by virtue of the laws of Mississippi, shall be paid and apportioned by the auditor of public accounts, as follows:

"(a) Forty per cent of the total amount derived from the tax on gasoline received for sale or use on the highways, streets, and alleys in this state, shall be paid into the state treasury to the credit of the state highway fund, which fund shall be used exclusively for the construction, reconstruction, and maintenance of state highways, bridges and culverts, under the direction and supervision of the state highway commission in such manner as may be authorized by law.

"(b) Sixty per cent of the total amount derived from the tax on gasoline received for sale or use on the highways, streets, and alleys in this state, shall be returned to the counties of the state. . . . Provided, however, that such apportionment shall not continue longer than February first, 1931, on and after which date the apportionment above provided for shall be as follows:

"(a) Fifty per cent of the total amount derived from the tax on gasoline received for sale or use on the high-

ways, streets, and alleys in this state shall be paid into the state treasury to the credit of the state highway fund.

. . .

"(b) Fifty per cent of the total amount received by the auditor from this fund shall be returned to the counties of the state. . . ."

Section 4795, Code 1930, provides for the distribution of all excise taxes on gasoline on the same basis as that provided by chapter 14, Extraordinary Session of 1928, to apply on and after February 1, 1931, that is, fifty per cent of the total amount to be paid into the state treasury to the credit of the highway fund, and fifty per cent to be returned to the counties of the state in proportion to the number of registered motor vehicles situated therein.

Section 5006, Code 1930, prescribing the powers and duties of the state highway commission, provides, among other things, that "the state highway commission shall be a body corporate, and as such may sue and be sued, plead and be impleaded, in any court of justice having jurisdiction of the subject-matter of any such suit."

Section 5010, Code 1930, reads as follows:

"All moneys from any source provided by law, shall be covered and paid into the state treasury as other public funds are paid, and it shall be the duty of the state auditor to advise the highway commission of the amount of money on hand from time to time. It shall be the duty of the state auditor as directed by the state highway commission to place and allocate said funds so covered into the state treasury in the following account funds, to-wit: 'Salary Account Funds,' 'Expense Account Funds,' 'Maintenance Funds,' and 'Construction Funds.' In the event any highway bonds or notes are issued a 'Bond and Interest Sinking Fund' and 'Note Fund' shall likewise be kept. No requisition issued by the state highway commission shall be honored or paid unless signed by the director and countersigned by the secretary, and unless the same shows upon its face upon which and

against which of the above-named funds it is drawn, and the page of the minute book upon which the same is entered. It shall be unlawful for the director or any member of the state highway commission, or any other person whatsoever, to withdraw any money from the above funds, other than by requisition issued as herein provided.

"A record of all requisitions or voucher-checks allowed and issued by the director under the authority of the commission and in conformity with its orders, showing the number of the claim or account and referring to the contract or authority of law, showing the person to whom issued, for what purpose given, against which fund drawn, the date of issuance and the number of the requisition or voucher check, shall be placed upon the minute book of the commission and shall become a part of the official record of its next succeeding meeting."

Section 5012, Code 1930, contains further limitations and prohibitions upon the expenditure of funds by the state highway commission, it being provided, among other things, that "it shall be the duty of the state highway commission, acting through its director, in allowing any account to request, by requisition on the state auditor, that a warrant be issued therefor, provided, however, that no requisition may be issued at any time by the director, under the authority and in conformity to the orders of the state highway commission, unless the account has been filed with the state highway commission and entered in a book to be kept for that purpose, and unless the minute book of the state highway commission shows that the same is allowed and fully shows all facts as hereinabove required. . . . No money shall be expended except by a requisition drawn on the proper fund, after due allowance thereof, entered on the minute book of the highway commission, as herein provided above. . . . The director and state highway commissioners and their bondsmen shall be liable for all moneys expended by them, or withdrawn from the state treasury

contrary to the provisions hereof, and which are not evidenced by requisition and by allowance entered in the minute book of the state highway commission.''

The appellee admits throughout that the legislature has plenary power in dealing with the distribution of the tax imposed on gasoline, and can provide a different basis of distribution of such tax at any time, even to the extent of taking from the counties any accrued or established right thereto. It is his contention, however, that, although the legislature had the power to change the basis of distribution of such funds as were in the hands of the state auditor at the effective date of the Code of 1930, it did not do so, but, on the contrary, manifested in its enactments an intention that all gasoline taxes collected before November 1, 1930, should be distributed in accordance with the provisions of chapter 14 of the Extraordinary Session of 1928. It is appellee's further contention that the right of the various counties to sixty per cent of all gasoline taxes collected by the state auditor prior to November 1, 1930, at a time when chapter 14 of the Extraordinary Session of 1928 was in full force and effect, accrued and became fixed and established before the repeal of such chapter by the adoption of the Code 1930; and that the right to sue the state highway commission generally was conferred by section 5006, Code 1930, and the right to maintain this action was expressly preserved by the enactment of section 4, Code 1930, providing that: ''The repeal of any statutory provisions by this code shall not affect any act done, or any cause of action, or any right accruing or accrued or established,'' etc.

The appellant seeks a reversal of the judgment of the court below upon three grounds: First, that the tax was properly distributed by the state auditor; second, that a county cannot, under any circumstances, sue the state, in the absence of constitutional authority; and, third, that the statute, allowing the state highway commission to be

sued, does not render it liable for the demand sued on, or authorize such suit to be maintained against it.

On the first two points raised by the appellant we will express no opinion, but will base our decision upon the third.

It is too well settled to require the citation of authority that the state highway commission, which is an agency of the state, is not subject to suit unless made so by statute, and that such statute, when one exists, is the measure of the power to sue such agency. A general statutory grant of authority to sue a governmental subdivision or agency does not create any liability, and suit may be maintained thereunder only for such liability as is authorized by statute, expressly or by necessary implication. City of Grenada v. Grenada County, 115 Miss. 831, 76 So. 682; Brabham v. Board of Supervisors of Hinds County, 54 Miss. 363, 28 Am. Rep. 352. At the time these cases were decided, the statute provided that any county might sue or be sued by its name, section 3484, Revised Code 1871, section 309, Code 1906; and it was expressly held in each of these cases that there can be no liability against the state or its political subdivisions or agencies unless it is expressly or impliedly created by statute.

Section 5006, Code 1930, which prescribes the power and duties of the state highway commission, provides that it may sue and be sued in any court of justice having jurisdiction of the subject-matter of any such suit; but this waiver of immunity from suit did not create any liability or authorize suit against the commission for any liability not authorized by statute, either expressly or by necessary implication, and which, as a consequence, it was authorized to pay or discharge.

A part of the funds derived from the tax on gasoline is required to be allocated to the state highway commission for purposes specially enumerated in the statutes, and is required to be expended for the named purposes and no others. The right to expend the funds so allocated for the purposes specified in the statutes includes the

right to expend such funds in the discharge of claims, obligations, or liabilities arising out of or necessarily incidental to the full and complete accomplishment of such objects or purposes; but it does not authorize the expenditure of any of such funds for any purpose not embraced within the scope and purview of those specified, either directly or as a necessary incident. This would be true in the absence of legislative expressions to that effect, but it is emphasized by the repeated prohibitions found in sections 5010 and 5012, Code 1930.

Under the provisions of these statutes, it is made unlawful for the state highway commission to expend any money except by requisition drawn on the proper fund after the due allowance thereof; and the payment of any requisition issued by it which does not show on its face upon which and against which of the named funds it is drawn, is prohibited. The commission has no authority to expend any funds except those allotted to it by legislative direction; and, if it desired, or was ordered to pay this claim of the several counties for funds alleged to have been erroneously paid into the state treasury for its use and benefit, what fund would it pay it out of? Certainly such a claim could not properly be chargeable to either salary account, expense account, maintenance funds, construction funds, or bond, note, and interest sinking funds, and there is no other out of which it could allow and pay the claim.

The purpose of this suit is to require an incorporated branch of the state government to pay to the counties certain money which remained in the state treasury until withdrawn and expended for particularly authorized purposes; and over which, until withdrawn and expended, the legislature had plenary power. The legislature has authorized the state highway commission to perform certain duties and to expend certain allotted funds for particular purposes only. It has conferred no power upon the state highway commission to expend any public funds for the purpose or in the manner sought to be accom-

plished by this suit; and, consequently, there can be no right of action to compel it to exercise a power not granted. If the counties are entitled to the money alleged to have been wrongfully paid into the state treasury, we think the sole power to direct and provide for its payment to them rests in the legislature.

As bearing analogy to the principle above announced, we refer to the case of Gulf Export Co. v. State, 112 Miss. 452, 73 So. 281, 283, wherein the court had under consideration section 4800, Code 1906 (now section 5997, Code 1930), providing that any person having a claim against the state, after demand made on the auditor of public accounts therefor, and his refusal to issue a warrant on the treasury in payment of such claim, may bring suit therefor against the state; and it was held that, if the auditor "refuses to audit and allow a claim over which he has jurisdiction, then the complaining party may sue the state. If the claim is one which the auditor cannot audit and allow the complaining party can and must seek relief from the legislature, one of the coordinate branches of our state government." To like effect are the cases of State v. Dinkins, 77 Miss. 874, 27 So. 832, and Hall v. State, 79 Miss. 38, 29 So. 994.

The same principle was recognized and applied in the case of Bow v. Plummer, 79 N. H. 23, 104 Atl. 35, wherein the court said: "He [state treasurer] could only draw out the money under an executive warrant, which presumably would not be given except in accordance with a statute authorizing it. It would therefore be absurd for the court to give judgment against the defendant in his official capacity which it would have no power to enforce and which the defendant could not perform. Weston v. Dane, 53 Me. 372."

In accordance with the views herein expressed, the judgment of the court below will be reversed, and judgment will be entered here in favor of the appellant.

Reversed, and judgment for appellant.