394 So.2d 1385 (1981)
James E. FRENCH et al.
v.
PEARL RIVER VALLEY WATER SUPPLY DISTRICT et al.
No. 52313.
Supreme Court of Mississippi.
March 18, 1981.
*1386 L. Glenn Fant, Jr., Holly Springs, for appellants.
William N. Reed, Watkins, Pyle, Ludlam & Stennis, Walker W. Jones, III, Jones & Mockbee, Heber Ladner, Jr., William C. Reeves, Upshaw & Ladner, Jackson, for appellees.
En banc.
WALKER, Justice, for the Court:
This is an appeal from a final judgment of the Circuit Court of the First Judicial District of Hinds County, which court sustained defendants' demurrer and dismissed plaintiffs' declaration.
Plaintiffs had sued Pearl River Valley Water Supply District and the members of its Board of Directors. The declaration alleged in detail improper management and operation of Ross Barnett Reservoir and resulting property damage to plaintiffs. The declaration, as amended, stated that prior to the occurrence of the alleged wrongs and injuries one or more of the defendants, acting either severally or in concert, procured for the protection of the Pearl River Valley Water Supply District and the members of its Board of Directors a policy of liability insurance, issued by a company qualified to do and doing business in the State of Mississippi, in the usual and ordinary form of such policies, and in the principal sum unknown to plaintiffs.
The defendants' demurrer and the court's reason for sustaining same was upon the ground of sovereign immunity.

I.
The appellants' first assignment of error is that the Legislature waived the District's immunity from suit by including in the statute under which the District was formed, Mississippi Code Annotated section 51-9-121(j) (1972), the power "to sue and be sued in its corporate name." The appellants contend that this language in the statute clearly permits suits against the District and, in effect, waives its sovereign immunity. However, we laid this question to rest in Berry v. Hinds County, 344 So.2d 146 (Miss. 1977), where suit was brought against the county for injuries suffered when the plaintiff's automobile crashed into a collapsed bridge. In that case the Court said:
Appellants contend that they were authorized to bring suit and did bring suit under the provisions of Mississippi Code Annotated § 11-45-17 (1972), which provides:
"Any county may sue and be sued by its name, and suits against the county shall be instituted in any court having jurisdiction of the amount sitting at the county site; ..."
Long ago, we held, in State Highway Commission v. Gully, 167 Miss. 631, 145 So. 351 (1933):
"A general statutory grant of authority to sue a governmental subdivision or agency does not create any liability, and suit may be maintained thereunder only for such liability as is authorized by statute, *1387 expressly or by necessary implication. City of Grenada v. Grenada County, 115 Miss. 831, 76 So. 682; Brabham v. Board of Supervisors of Hinds County, 54 Miss. 363, 28 Am.Rep. 352. At the time these cases were decided, the statute provided that any county might sue or be sued by its name, section 3484, Rev.Code 1871, section 309, Code 1906; and it was expressly held in each of these cases that there can be no liability against the state or its political subdivisions or agencies unless it is expressly or impliedly created by statute." 167 Miss. at 647, 145 So. at 354. (Emphasis added).
Of course, the courts, as well as the legislature, have the undoubted right to abrogate the doctrine of governmental immunity. We are of the opinion, however that the legislature is in a better position to limit and restrict claims that can be asserted and to provide the ways and means for the paying of such claims (either by taxation or appropriation), if it should see fit to do so. Therefore, we decline to abolish the doctrine of governmental immunity as this time by judicial decision. (344 So.2d at 150-51). (Emphasis added).

II.
The appellants' next assignment of error is: "The existence of liability insurance waives, pro tanto, sovereign immunity."
The question, as it pertains to this case, is: Does a governmental entity, by obtaining liability insurance without express statutory authority, waive, to the extent of its coverage, immunity from suit?
This is a question of first impression in this State. Although the doctrine of sovereign immunity is of common-law origin and was first pronounced in this State by the Supreme Court, we have consistently held since that time that there can be no liability against the State or its political subdivisions or agencies unless it is expressly or impliedly created by statute. We have also held steadfast to the proposition that, although the courts have the authority to abolish the doctrine of governmental immunity, the Legislature is in a better position to limit and restrict claims that can be asserted because the Legislature must provide the ways and means for paying, by taxation or appropriation, such claims it should see fit to allow.
It is true that some jurisdiction take the view that a governmental unit is liable for its torts to the extent that a liability insurance policy protects it, because the insurance, to the extent that it protects the public funds, removes the reason for immunity from suits, i.e., if the public funds are protected by liability insurance, the justification and reasoning for the rule of immunity are removed. Thomas v. Broadlands Community Consolidated School District, 348 Ill. App. 567, 109 N.E.2d 636 (1952).
However, the majority of jurisdictions adhere to the rule that there can be no liability against the State or its political subdivisions, unless expressly or impliedly created by statute. See Annot., 68 A.L.R.2d 1437 (1959 and Supp. 1980) where the two views are collated.
The Legislature is representative of the will of the people of this State and is aware of the problems connected with the doctrine of sovereign immunity. In fact, the Legislature, in its collective judgment, has addressed the question of immunity in a number of statutes dealing with state agencies and political subdivisions, an example being section 41-13-37 which provides:

The board of trustees provided for in sections 41-13-27 to 41-13-31 shall have the further power and authority, in its discretion, to take adequate liability insurance on the operation of said hospital and, if liability insurance is in effect, may be sued by anyone affected to the extent of such insurance carried. However, immunity from suit is only waived to the extent of such liability insurance carried and a judgment creditor shall have recourse only to the proceeds or right to proceeds of such liability insurance. No attempt shall be made in the trial of any case to suggest the existence of any insurance which covers in whole or in part *1388 any judgment or award rendered in favor of a claimant, and if the verdict rendered by the jury exceeds the limit of applicable insurance, the court, on motion, shall reduce the amount of said judgment to a sum equal to the applicable limit stated in the insurance policy. (Emphasis added).
However, there is no statute pertaining to the Pearl River Valley Water Supply District which waives its immunity or permits it to purchase liability insurance for such purpose.
We are, therefore, of the opinion that the unauthorized purchase of liability insurance by the District for protection against claims for which it had immunity does not, pro tanto, waive such immunity or preclude the assertion of such immunity as a defense to suits brought against it. As stated earlier, the Legislature is in a better position to limit and restrict claims that can be asserted and to provide the ways and means for the paying of such claims, if it should see fit to do so. An agency of the government may not assume that legislative function.
The judgment of the circuit court sustaining the demurrer is affirmed.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE and HAWKINS, JJ., concur.
PATTERSON, C.J. and BOWLING, J., dissent.
PATTERSON, Chief Justice, dissenting:
I dissent for the reasons heretofore expressed by Justice Bowling in Jones v. Knight, 373 So.2d 254 (1979).
Another issue is presented in this case of sovereign immunity and that is whether a public entity may purchase liability insurance with public funds, the use and expenditure of such funds being subject to legislative approval, and thereafter interpose a defense of sovereign immunity to protect the insurance carrier? I think not. The case of Thomas v. Broadlands Community Consolidated School District, 348 Ill. App. 567, 109 N.E.2d 636 (1952) presents the better and more practical reasoning for the resolution of this issue. In my judgment the insurance, to the extent that it protects the public funds removes the reason for immunity from suit. I therefore dissent.
BOWLING, J., joins in this dissent.