Kevin W. DUMAS, Plaintiff,

v.

PEARL RIVER BASIN DEVELOPMENT DISTRICT, A Corporate Political Subdivision of the State of Mississippi, Pike County, Mississippi, a Political Subdivision of the State of Mississippi, and Julius O'Quinn, An Individual, Defendants.

Civ. A. No. J85–0401(L).

United States District Court, S.D. Mississippi, Jackson Division.

Oct. 24, 1985.

Donald R. Rogers, Hattiesburg, Miss., for plaintiff.

Eve Gable, Michael K. Randolph, Bryan, Nelson, Allen, Schroeder & Randolph, Hattiesburg, Miss., Michael W. Ulmer, Watkins & Eager, Jackson, Miss., Norman B. Gillis, Jr., Gillis & Gillis, McComb, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This diversity case is before the court on motion of defendant Pearl River Basin Development District (District), a corporate political subdivision of the State of Mississippi, for summary judgment on the ground of sovereign immunity. Plaintiff Kevin W. Dumas filed timely response to the District's motion, and the court has considered the memoranda with attachments submitted by the parties.

On July 11, 1982, Dumas suffered severe neck injuries and was rendered a quadriplegic when his head struck the bottom of the Bogue Chitto River after he dived into shallow water from land owned by defendant Julius M. O'Quinn. His complaint herein charges the District with the duty to maintain a safe watercourse for swimmers in and about the area of Bogue Chitto Water Park, which is owned by the District and operated on a day-to-day basis by employees of Pike County, Mississippi. Prior to his injury, Dumas had rented an inner tube from the park for the purpose of floating downstream and apparently thought he was on park property at the point where he was injured. Plaintiff charges that regardless of who was the owner of the land where he dived into the river, the District had responsibility to maintain a safe waterway and to warn recreational users of latent dangers.

The District's motion raises the issue of the continued viability of the State's sovereign immunity in light of the Mississippi Supreme Court's decision in *Pruett v. City of Rosedale*, 421 So.2d 1046 (Miss.1982). As an agency or political subdivision of the state, the District is able to assert the defense of sovereign immunity. *See French v. Pearl River Valley Water Supply District*, 394 So.2d 1385 (Miss.1981). In light of the present state of Mississippi law, sovereign immunity is applicable unless this court can identify specific statutory authority for the imposition of tort liability on the District. *See e.g. French v. Pearl River Valley Water Supply District*, 394 So.2d 1385, 7386 (Miss.1981); *Berry v. Hinds County*, 344 So.2d 146, 150 (Miss.1977); *State Highway Comm'n v. Gulley*, 145 So. 351, 354 (Miss.1933); *Brabham v. Board of Supervisors of Hinds County, Miss.*, 54 Miss. 363, 364 (1877).

■ In *Pruett*, supra, the Mississippi Supreme Court "abolishe[d] the immunity of the 'sovereign.' That term includes the state and its political subdivisions." 421 So.2d at 1052. However, by the specific language in *Pruett*, sovereign immunity was abrogated only as to those causes of action "that accrue on or after July 1, 1984." *Id.* Plaintiff's cause of action "accrued" on the date of his injury, July 11, 1982. Thus, *Pruett* has no applicability to this case. *McGoldrick Oil Company v. Greene County*, 446 So.2d 594 (Miss.1984). Indeed, even if this court were to embrace plaintiff's argument and "anticipate" that the position of the Mississippi Supreme Court, under the facts involved here, would be to infer a waiver of immunity, the court would be confronted with the mandate of the Mississippi Legislature extending sovereign immunity through July 1, 1986. *See* Miss.Laws 1985, Legislative Session, Book 2, pages 402–403. In the face of such clear direction from the Mississippi Legislature and Supreme Court, this court is *Erie*-bound to hold that sovereign immunity is an absolute defense to plaintiff's claims against the District.

■ Plaintiff advances two arguments to avoid the application of sovereign immunity in this case. The first hinges on language in the statute establishing the District, which, plaintiff asserts, expressly or impliedly waives sovereign immunity.[1] The "sue and be sued" language of Miss.Code Ann. § 51–11–11 relied upon by plaintiff is also contained in the statute, Miss.Code Ann. § 51–9–121, establishing the Pearl River Valley Water Supply District, the defendant in *French*. The court in *French*, citing *Berry* and *Gulley*, refused to infer a waiver of sovereign immunity from such language, deferring to the legislature to enunciate unequivocally its intent to abrogate the immunity defense. 394 So.2d at

1387. Plaintiff attempts to distinguish *French* by highlighting other language in the statute establishing the District which, he argues, indicates an intent to waive sovereign immunity. Defendant correctly points out that the statute at issue in *French* contains the same or similar language, and the court there was not persuaded that such language constituted a waiver of sovereign immunity. Moreover, the expression of deference to the legislature in *French* on this point, even in light of *Pruett*, is compelling, and this court declines to infer a waiver of sovereign immunity from the statutory language absent specific direction from the Mississippi Legislature or Supreme Court.

■ Plaintiff's second argument concerns the effect on the issue of waiver of sovereign immunity of the District's procuring liability insurance in 1979. Dumas argues that the purchase of liability insurance was authorized by Miss.Code Ann. § 51–11–13(j) and that such "authorized" purchase of liability insurance distinguishes this case from *French*. In *French*, the Pearl River Water Supply District obtained liability insurance "without express statutory authority", and French argued that such action constituted an implied waiver of sovereign immunity. 394 So.2d at 1387. The court disagreed, concluding,

> We are, therefore, of the opinion that the unauthorized purchase of liability insurance by the District for protection against claims for which it had immunity does not, *pro tanto*, waive such immunity or preclude the assertion of such immunity as a defense to suits brought against it ... [T]he Legislature is in a better position to limit and restrict claims that can be asserted and to provide the ways and means for the paying of such claims, if it should see fit to do so. An

---

1. Plaintiff points to language in Miss.Code Ann. § 51–11–11, which enumerates the powers of the District, and which states in pertinent part: "(b) To sue and be sued in its corporate name ... (g) To make contracts ... (i) ... to employ agents ... (j) To do any and all other acts or things necessary to the exercising of the powers

... conferred upon the district by this chapter ..." Also cited is Miss.Code Ann. § 51–11–13, which states in pertinent part: "To enter into contracts with municipalities, corporations, districts ... or others for *any services,* facilities, or commodities which the project may provide." (emphasis by the District).

agency of the government may not assume that legislative function.

394 So.2d at 1388.

This court questions whether the language in Miss.Code Ann. § 51–11–13(j) authorizing the District to enter contracts for any services which the project may provide is a specific statutory grant of authority to purchase liability insurance. Again, as the District correctly points out, the same authority to enter contracts for services was granted in the statute at issue in *French,* yet the court determined that the purchase of liability insurance was unauthorized. It is inconceivable to this court that the legislature would waive sovereign immunity for the District here, yet retain the defense for the Pearl River Valley Water Supply District in *French.* The District's purchase of liability insurance cannot be construed as an implied waiver of the sovereign immunity defense.

Additionally, the expression of deference to the Legislature in *French* and the requirement under Mississippi law that a waiver of sovereign immunity must be contained in a statute either "expressly or by necessary implication," *Gulley,* 145 So. at 354, combine to compel this court to conclude that sovereign immunity is an absolute defense in this case. This court is not unmindful of the apparent incongruity of this holding in light of *Pruett.* However, the task of remedying such results rests with the Mississippi Legislature.

For the reasons stated hereinabove, this court is of the opinion that the District's motion for summary judgment should be granted. A separate judgment shall be entered according to the local rules.