ROY NOBLE LEE, Chief Justice,
for the Court:
Richard Kim Strait appeals from a summary judgment entered against him and in favor of Pat Harrison Waterway District in the Circuit Court of Lauderdale County. The complaint sought damages for personal injuries sustained by Strait at a water-slide amusement park operated by the ap-pellee. The issues presented are incorporated in the following assigned error:
THE LOWER COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE APPELLEE, THE PAT HARRISON WATERWAY DISTRICT, ON THE BASIS OF SOVEREIGN IMMUNITY AND IN DENYING THE APPELLANT’S MOTION TO RECONSIDER JUDGMENT.
Appellee, Pat Harrison Waterway District, is a state agency charged with the construction of reservoirs, water supplies, and recreational facilities throughout a fifteen-county area in the State of Mississippi. Mississippi Code Annotated § 51-15-101, et seq. (1972). On July 4, 1984, appellant, his wife and their two children went to a recreational facility operated by the district as “Okatibbee Splash Down Country,” a wat-erslide amusement park located on Okatib-bee Lake near Meridian, Mississippi. The family took several rides on three water-slides at the park, and on one of the rides, appellant suffered a severe injury to his left ankle.
On October 10, 1984, appellant filed a complaint against appellee for personal injuries sustained on the ride, seeking damages of four hundred sixty-two thousand, two hundred twenty-six dollars twelve cents ($462,226.12). Discovery principally consisted of the depositions of (1) appellant; (2) appellee’s engineer who designed the waterslide; and (3) another engineer who appraised the safety of the waterslide. Ap-pellee moved for judgment on the plead *38 ings, claiming the absolute defense of sovereign immunity. The lower court agreed that sovereign immunity barred appellant’s claim, and summary judgment was entered in favor of appellee.
I.
DID THE LEGISLATURE IN MISSISSIPPI CODE ANNOTATED § 51-15-120 WAIVE THE SOVEREIGN IMMUNITY OF PAT HARRISON WATERWAY DISTRICT TO THE EXTENT OF GENERAL LIABILITY INSURANCE PURCHASED BY THE DISTRICT IN THE SUM OF $2,500,000?
Pruett v. City of Rosedale, 421 So.2d 1046 (Miss.1982), abolished the doctrine of sovereign immunity prospective from July 1, 1984. In response to Pruett, the legislature enacted the Sovereign Immunity Act of 1984, which, as amended, extended the prospective date for the abolition of sovereign immunity to July 1, 1988, for the State of Mississippi, and October 1, 1988, for its political subdivisions. Mississippi Code Annotated § 11-46-1, et seq. (Supp.1987). The act specifically provides that claims against the State or its subdivisions arising before the 1988 abolition dates
shall not be affected by this chapter but shall continue to be governed by the case law governing sovereign immunity as it existed immediately prior to the decision in the case of Pruett v. City of Rosedale, 421 So.2d 1046, and by the statutory law governing sovereign immunity in effect from and after the passage of Chapter 474, Laws of 1985.
Mississippi Code Annotated § 11-46-6 (Supp.1987).[1]
Appellant’s claim arose on July 4, 1984, and is controlled by pre-Pruett caselaw and the Sovereign Immunity Act, as amended. Under this law, the State and its subdivisions are not subject to suit in the absence of express statutory authority, and such authority cannot merely be implied unless the implication is made clear and unambiguous by the enabling statute. Lowndes County District 5 v. Miss.State Hwy. Comm’n, 220 So.2d 349 (Miss.1969). See also French v. Pearl River Valley Water Supply Dist., 394 So.2d 1385 (Miss.1981); City of Jackson v. Wallace, 189 Miss. 252, 196 So. 223 (1940).
Mississippi Code Annotated § 51-15-120 (Supp.1987), provides:
In addition to the acts authorized by Section 51-15-119, the Pat Harrison Waterway District, through its board of directors, is hereby empowered, in its discretion, to purchase comprehensive general liability insurance in such amount or limit as the board of directors may deem advisable in order to protect and indemnify said district against damages resulting from an accident. Premiums accruing on insurance purchased under the provisions of this section shall be paid from the general fund of the district.
This section shall stand repealed from and after October 1, 1988.
Pursuant to this authority, appellee obtained two liability insurance policies total-ling two million five hundred thousand dollars ($2,500,000) in liability coverage. The policies were in force at the time of appellant’s accident. Appellant contends that § 51-15-120 is an implied waiver of sovereign immunity and that such immunity is waived to the extent of the insurance coverage purchased by appellee.
In French v. Pearl River Valley Water Supply District, supra, the Court held that the mere purchase of liability insurance by a governmental entity does not waive sovereign immunity. However, the Court did note:
It is true that some jurisdiction [sic] take the view that a government unit is liable for its torts to the extent that a liability insurance policy protects it, because the insurance, to the extent that it protects the public funds, removes the reason for immunity from suits, i.e., if the public funds are protected by liability *39 insurance, the justification and reasoning for the rule of immunity are removed.
However, the majority of jurisdictions adhere to the rule that there can be no liability against the State or its political subdivisions, unless expressly or impliedly created by statute.
394 So.2d at 1387 (citations omitted).
In Joseph v. Tennessee Partners, Inc., 501 So.2d 371 (Miss.1987), the Court said:
A government entity has not waived immunity from suit simply because it has obtained liability insurance without express statutory authority.
501 So.2d at 375 (emphasis added).
In both French and Joseph, there was no statutory authority for the governmental entities’ purchase of insurance and no statutory implication that the legislature intended sovereign immunity to be waived. In the case sub judice, § 51-15-120 authorizes appellee to purchase liability insurance but is silent as to its effect on immunity.
Research indicates that at least twenty-nine (29) varieties of state subdivisions are authorized by statute to purchase liability insurance. These statutes can generally be classed into three groups: (1) those which expressly state that the subdivision is still protected by sovereign immunity notwithstanding the authority to purchase insurance; [2] (2) those which expressly state that sovereign immunity is waived to the extent of the insurance coverage purchased;[3] and (3) those which are silent as to the effect, if any, on sovereign immunity.[4] Section 51-15-120 falls into Group 3.
Of the twenty-nine statutes listed in Appendices A, B and C to this opinion, all but one (§ 73-31-7) contain automatic repealer provisions effective on the date of the statutory abolition of sovereign immunity as set forth in § 11-46-3. Thus, regardless of whether the individual statutes expressly state any effect on sovereign immunity, the use of the repealer provisions tied to § 11-46-3 demonstrates the legislature’s awareness that each of these statutes relate to sovereign immunity. In fact, the repealers for twenty-four (24) of the twenty-nine (29) statutes were included in the chapters which first enacted the Sovereign Immunity Act of 1984 and which postponed the abolition date the following year. 1984 Miss.Laws, Ch. 495, 1985 Miss. Laws, Ch. 474.
The language typical of that found in the sixteen (16) statutes comprising Group (2) follows:
If liability insurance is in effect in such county, such county may be sued by anyone affected to the extent of such insurance carried; provided, however, that immunity from suit is only waived to the extent of such liability insurance carried and a judgment creditor shall have recourse only to the proceeds or right to proceeds of such liability insurance.
Mississippi Code Annotated § 19-7-8 (Supp.1987).
It is obvious that the above language is a carefully worded limited waiver of a right unique to the State. The provision, or its equivalent, is included in approximately half of the statutes authorizing the purchase of liability insurance by state entities. It is fairly apparent that the omission of the above provision from the other half of the statutes indicates that the legislature intended that the waiver not apply to them. Otherwise, it would have been a simple matter for the legislature to include waiver provisions in those statutes had the legislature intended the same by authorizing the purchase of liability insurance.
Waiver of sovereign immunity can be implied only where the statute is clear and unambiguous. Lowndes County, supra; French, supra. Reviewing the express waiver provisions in statutes similar to § 51-15-120, the absence of a waiver provision in § 51-15-120 renders that statute both unclear and ambiguous as it relates to sovereign immunity.
The legislature has expressed a policy on the whole subject of sovereign immunity in *40 the Sovereign Immunity Act of 1984, §§ 11-46-1, et seq. That policy is that sovereign immunity, as tempered by statutory law, remains in force until 1988. § 11-46-6. “In determining the intent of the legislature, all statutes enacted on the same subject must be construed together so as to indicate the policy of the legislature in the whole subject.” Aikerson v. State, 274 So.2d 124, 127, n. 2 (Miss.1973); Gillard v. Great Southern Mortgage & Loan Corp., 354 So.2d 794 (Miss.1978).
Therefore, we are of the opinion that a statutory grant of authority to purchase liability insurance, such as is expressed in § 51-15-120, does not waive appellee’s sovereign immunity. The first issue is rejected.
II.
WAS THE PAT HARRISON WATERWAY DISTRICT ENGAGED IN A PROPRIETARY ENTERPRISE “TO GENERATE REVENUE” AND DID IT REMOVE THE DISTRICT FROM COVERAGE BY THE DOCTRINE OF “SOVEREIGN IMMUNITY?”
The appellant cites no authority to support his contention that the State waives sovereign immunity for torts committed while engaged in proprietary, as opposed to governmental, functions, nor have we found any.
There is much authority in Mississippi supporting this proprietary/governmental distinction, but it has always been applied to municipalities. See, e.g., White v. City of Tupelo, 462 So.2d 707 (Miss.1984); Anderson v. Jackson Municipal Airport Authority, 419 So.2d 1010 (Miss.1982); Ditta v. City of Clinton, 391 So.2d 627 (Miss.1980); Nathaniel v. City of Moss Point, 385 So.2d 599 (Miss.1980); Tucker v. City of Okolona, 227 So.2d 475 (Miss.1969); City of Ruleville v. Grittman, 250 Miss. 842, 168 So.2d 527 (1964); Brummett v. City of Jackson, 211 Miss. 116, 51 So.2d 52 (1951); Warren v. Town of Booneville, 151 Miss. 457, 118 So. 290 (1928); City of Hattiesburg v. Geigor, 118 Miss. 676, 79 So. 746 (1918); City of Pass Christian v. Fernandez, 100 Miss. 76, 56 So. 329 (1911).
According to Prosser, the proprietary/governmental test for waiver of immunity is peculiar to municipalities and is “different both in origin and scope from the ‘sovereign’ or governmental immunity of the state.” Prosser, The Law of Torts, § 131, p. 1051 (5th ed. 1984). Only one or two jurisdictions apply the proprietary/governmental distinction to the state. Id., at 1044-45. To the same effect, see 5 Harper, James & Gray, The Law of Torts § 29.4, p. 615 (2d ed. 1986).
The case sub judice is controlled by case-law established prior to Pruett v. City of Rosedale, supra, and by the Sovereign Immunity Act of 1984. MCA § 11-46-6 (Supp.1987). In accordance with the majority rule, this law applies the proprietary/governmental function distinction only to cases involving municipalities. Since the present case is not of that class, the proprietary nature of appellee’s conduct is of no consequence in determining whether sovereign immunity is waived.
The second issue is rejected.
III.
THE PAT HARRISON WATERWAY DISTRICT ENTERED INTO A BUSINESS RELATIONSHIP, CONTRACTUAL IN NATURE, WITH THE APPELLANT, RICHARD KIM STRAIT. BY ACCEPTING THE BENEFITS OF THAT RELATIONSHIP, DID THE DISTRICT INCUR THE OBLIGATIONS WHICH WERE “MUTUALLY BINDING AND RECIPROCAL?”
The only authority cited by appellant in support of this issue is Miss. State Department of Welfare v. Howie, 449 So. 2d 772 (Miss.1984). Howie states that “when the legislature authorizes the state’s entry into a contract the state necessarily waives its immunity from suit for breach of that contract.” 449 So.2d at 777. Howie involved breach of a lease by the Welfare Department, as lessee, and the Court specifically noted that the suit was not a tort action based on negligence. 449 So.2d at *41 776. Thus, Howie is distinguished from the case at bar.
In Sims v. Etowah County Board of Education, 337 So.2d 1310 (Ala.1976), the plaintiff purchased a ticket to a high school football game and was injured when the bleachers collapsed. He sued the Board of Education for negligence and for breach of contract. The Alabama Supreme Court stated that a “ticket to a place of public entertainment constitutes a contract between the proprietor and the purchaser of the ticket; whatever contractual duties grow out of that relation, it has been held, must be performed by the proprietor or he must respond in damages for breach of contract.” 337 So.2d at 1314. The Alabama Court held that the plaintiff stated a cause of action for breach of contract. It also held that the plaintiffs cause of action, insofar as it was based upon a negligence theory, was barred by the doctrine of sovereign immunity. 337 So.2d at 1314-16. The plaintiff proceeded on alternative theories of contract and tort. In the case sub judice, appellant has proceeded from the outset solely on a negligence theory and the duty owed to a business invitee. That duty arises not by contract but by operation of the law of torts. See Prosser, The Law of Torts, § 92, p. 656 (5th ed. 1984).
On appeal, a party must pursue the same legal theory advanced in the trial court. Estate of Johnson v. Adkins, 513 So.2d 922 (Miss.1987). In Bailey v. Collins, 215 Miss. 78, 60 So.2d 587 (1952), the Court said:
Appellant has now chosen in this Court an entirely different line of battle from that chosen in the court below, and we think the theory of the case as now presented on this appeal is not properly before us for review.
215 at 83, 60 So.2d at 589.
As this contract claim is for the first time on appeal, it is procedurally barred and will not be addressed by this Court.
The third issue is rejected.
There being no reversible error in the court below, the judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.

APPENDIX A

Sovereign Immunity Expressly Reserved

§ 49-19-117 (Supp.1987) State Forestry Commission
§ 55-9-89 (Supp.1987) County Park Commissioners
§ 65-l-8(p) (Supp.1987) Highway Department

APPENDIX B

Sovereign Immunity Expressly Waived to Extent of Insurance Purchased

§ 19-5-99 (Supp.1987) Economic Development District
§ 19-7-8 (Supp.1987) Counties
§ 21-15-6 (Supp.1987) Municipalities
§ 37-7-304 (Supp.1987) School Districts
§ 37-29-83 (Supp.1987) Junior Colleges
§ 37-29-85 (Supp.1987) Junior College Boards
§ 41-13-11 (Supp.1987) Community Hospitals
§ 41-29-108 (Supp.1987) Bureau of Narcotics
§ 41-55-5 (Supp.1987) County Public Ambulance Service
§ 41-61-63 (Supp.1987) State Medical Examiner
§ 43-27-10 (Supp.1987) Department of Youth Services
§ 47-5-75 (Supp.1987) Board of Corrections
§ 57-32-5 (Supp.1987) Southeast Mississippi Industrial Council
§ 59-5-37 (Supp.1987) State Port Authority
§ 59-17-31 (Supp.1987) State Inland Port Authority
§ 61-3-15 (Supp.1987) Airport Authorities

*42
APPENDIX C

Statutes Silent as to Effect on Sovereign Immunity

§ 21-27-17 (Supp.1987) Municipal Public Utility Commissions
§ 21-37-37 (Supp.1987) Municipal Park Commissions
§ 41-19-33 (Supp.1987) Regional Mental Retardation Commissions
§ 45-1-19 (Supp.1987) Department of Public Safety
§ 49-1-60 (Supp.1987) Department of Wildlife Conservation
§ 51-15-120 (Supp.1987) Pat Harrison Waterway District
§ 57-13-5 (Supp.1987) Research and Development Center
§ 61-13-13 (Supp.1987) State Military Department
§ 73-31-7 (Supp.1987) State Board of Psychological Examiners
§ 77-5-725 (Supp.1987) Municipal Utility Commission Joint Agencies

. Chapter 474, Laws of 1985, is the present version of the Sovereign Immunity Act. That act, together with minor amendments provided by Chapter 438, Laws of 1986, and Chapter 483, Laws of 1987, are now codified as MCA § 11-46-1, et seq. (Supp.1987).

. See Appendix A to this opinion.

. See Appendix B to this opinion.

. See Appendix C to this opinion.