557 So.2d 1175 (1989)
Mattie S. WINTERS, Administratrix and Representative of the Wrongful Death Beneficiaries of Corliss D. Suber, Deceased
v.
Leon LUMLEY and the Board of Supervisors of Washington County, Mississippi.
No. 07-58550.
Supreme Court of Mississippi.
September 27, 1989.
Rehearing Denied April 4, 1990.
Robert E. Buck, Greenville, for appellant.
B. Stevens Hazard, Daniel Coker Horton & Bell, Lucy Carroll Lacey, Daniel Coker Horton & Bell, J. Wyatt Hazard, Jennifer L. Welsh, Daniel Coker Firm, Jackson, for appellee.
Before ROY NOBLE LEE, PITTMAN and BLASS, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Mattie S. Winters, Administratrix of the Estate of Corliss D. Suber, Deceased, has appealed from a judgment of the Circuit Court, Washington County, Mississippi, entered on a Rule 12(b)(6) motion dismissing the action for damages filed against the Board of Supervisors of Washington County as a result of the death of Corliss D. Suber. The appellant assigns two (2) errors in the proceedings below.

Case Statement
The second amended complaint charged that on December 10, 1984, Corliss Suber was driving an automobile in a westerly direction on Wilmot Road in Washington County; that suddenly and without warning, she ran into a slippery muddy place on the highway caused by large clumps of rain-moistened earth; and that her vehicle skidded out of control and crashed into the railings of a concrete bridge, causing serious *1176 injuries to Suber, from which she subsequently expired.
The complaint further alleged that a mud slick and mud was upon the highway as a result of the farming operations conducted by Leon Lumley as he moved farm equipment from his farming operation onto the paved highway where the mud was shaken loose from the machinery and deposited on the highway; and that the Board of Supervisors of Washington County was negligent in that it was aware of, or should have been aware of, the dangerous condition on the highway caused by the deposits of mud and failed to clean up and remove the hazardous condition.
The appellee Board of Supervisors of Washington County answered and the third defense was a Rule 12(b)(6) motion interposing and claiming sovereign immunity in the suit. The appellant also filed, prior to the court's ruling on the motion, a bill of exceptions attaching thereto copy of a policy of liability insurance which provided general liability protection for the Board of Supervisors in the amount of five hundred thousand dollars ($500,000). After considering the motion, together with the bill of exceptions, the lower court sustained the motion and dismissed the suit as to the Board of Supervisors with prejudice.

Issues

I.

DOES THE DOCTRINE OF SOVEREIGN IMMUNITY APPLY TO, AND PROTECT, THE BOARD OF SUPERVISORS OF WASHINGTON COUNTY FOR THE CLAIM STATED IN THE COMPLAINT?
The first question argued by the appellant on this assigned error is whether or not the removal of mud and cleanup of the slippery condition on the highway resulting from the deposit of such mud thereon by vehicles using the highway is a discretionary function or a ministerial function of the Board of Supervisors. The lower court found that it is a discretionary function rather than a ministerial function and, therefore, granted the 12(b)(6) motion. We address this question for the reason that the members of the Board of Supervisors of Washington County were sued in their "official capacities," not individually.
In order to sustain a 12(b) motion, it must appear to a certainty that the appellant is entitled to no relief under any facts presented that could be proved in support of his claim. State v. Lewis, 498 So.2d 321, 324 (Miss. 1986); Busching v. Griffin, 465 So.2d 1037 (Miss. 1985); and Stanton & Associates, Inc. v. Bryant Constr. Co., 464 So.2d 499 (Miss. 1985).
Davis v. Little, 362 So.2d 642 (Miss. 1978), discusses the distinction between discretionary and ministerial functions:
The immunity of public officials, on the other hand, is a more limited principle, since its purpose is not directly to protect the sovereign, but, rather, to do so only collaterally by protecting the public official in performance of his governmental function. Given the more limited function, courts have generally extended less than absolute immunity. The most commonly recognized limitation is the distinction between discretionary acts as opposed to ministerial acts. Under this distinction, the official is immune only where that which he does in the performance of his lawful duties requires personal deliberation, decision and judgment.
362 So.2d at 643.
Discretionary decisions of Boards of Supervisors were discussed in Webb v. County of Lincoln, 536 So.2d 1356 (Miss. 1988), where the Court said:
However, in no way can it be said that the legislature, in so laying the foundation for abrogation of immunity in this area, has addressed even peripherally the role of an individual supervisor in governmental capacity to repair and maintain the roads within the beat. It does in fact, reinforce the discretionary/ministerial distinction by allowing the board as a whole the authority to make discretionary decisions with regard to the general condition and state of maintenance of county roads and bridges, thus leaving intact the board's qualified immunity for such decision. *1177 536 So.2d at 1359. See also Region VII, Mental Health/Mental Retardation Center v. Isaac, 523 So.2d 1013 (Miss. 1988), Grantham v. Miss. Department of Corrections, 522 So.2d 219 (Miss. 1988).
We are of the opinion that removing mud and cleaning the highway in the case sub judice, as charged in the complaint, was a discretionary function of the members of the Board of Supervisors and that governmental immunity applies to them in this case.

II.

DOES THE POLICY OF LIABILITY INSURANCE COVERING WASHINGTON COUNTY AND THE BOARD OF SUPERVISORS AND PROTECTING THEM FROM GENERAL LIABILITY WAIVE THE PROTECTION OF SOVEREIGN IMMUNITY TO THE EXTENT OF THE COVERAGE?
The second amended complaint sues the Board of Supervisors in the following language:
III.
The defendant Board of Supervisors of Washington County, Mississippi, is the official governing authority for Washington County, Mississippi and is charged by law, among other things, with the responsibility of maintaining the public roads of said county. The members of the Board of Supervisors are: Virgil L. Sandifer, John L. Hinkle, Lonzo D. Peacock, C.C. "Frank" Self and William J. "Bill" Ellard. The said members of the Board of Supervisors of Washington County (hereinafter referred to as the "Board") are joined herein in their official capacities.
As stated, the Board of Supervisors was sued in its official capacity, which also was tantamount to a suit against Washington County. The immunity of Washington County rests upon whether the function of cleaning the highway was a governmental or proprietary function. Immunity applies to all governmental functions but does not apply to proprietary functions. It is obvious that work on the county roads is a governmental function and the immunity defense is established.
On Issue II, the appellant contends that, since there is a policy of liability insurance in effect covering Washington County and the Board of Supervisors against general liability claims, sovereign immunity is waived up to the amount and extent of the policy limits. Mississippi Code Annotated § 19-7-8 (Supp. 1988), provides in part:
The board of supervisors of any county is authorized, in its discretion, to purchase general liability insurance coverage for its members and county employees in the official performance of their elective or appointive duties. Said general liability policy shall be written by the agent or agents of a company or companies authorized to do and doing business in the State of Mississippi. The monetary limits of any such policy shall be set by the board of supervisors in amounts they feel are adequate and reasonable in light of existing circumstances. The premiums on such policies shall be paid from the county general fund or from any other available county funds.
If liability insurance is in effect in such county, such county may be sued by anyone affected to the extent of such insurance carried; provided, however, that immunity from suit is only waived to the extent of such liability insurance carried and a judgment creditor shall have recourse only to the proceeds or right to proceeds of such liability insurance. No attempt shall be made in the trial of any case to suggest the existence of any insurance which covers in whole or in part any judgment or award rendered in favor of a claimant, but if the verdict rendered by the jury exceeds the limit of applicable insurance, the court, on motion, shall reduce the amount of said judgment as against the county only and not as to joint tort-feasors, if any, to a sum equal to the applicable limit stated in the insurance policy.
In Strait v. Pat Harrison Waterway District, 523 So.2d 36, 39 (Miss. 1988), the Court said:

*1178 If liability insurance is in effect in such county, such county may be sued by anyone affected to the extent of such insurance carried; provided, however, that immunity from suit is only waived to the extent of such liability insurance carried and a judgment creditor shall have recourse only to the proceeds or right to proceeds of such liability insurance.
Mississippi Code Annotated § 19-7-8 (Supp. 1987).
It is obvious that the above language is a carefully worded limited waiver of a right unique to the State. The provision, or its equivalent, is included in approximately half of the statutes authorizing the purchase of liability insurance by state entities. It is fairly apparent that the omission of the above provision from the other half of the statutes indicates that the legislature intended that the waiver not apply to them. Otherwise, it would have been a simple matter for the legislature to include waiver provisions in those statutes had the legislature intended the same by authorizing the purchase of liability insurance.
523 So.2d at 39. See Appendix B to Strait v. Pat Harrison, supra, for statutes authorizing purchase of liability insurance by state entities and whether or not immunity was waived.
The mere purchase of liability insurance by a governmental entity does not waive sovereign immunity unless the statute so provides. French v. Pearl River Valley Water Supply District, 394 So.2d 1385 (Miss. 1981); Joseph v. Tennessee Partners, Inc., 501 So.2d 371 (Miss. 1987).
The record contains a copy of a comprehensive general liability insurance, personal injury liability insurance and errors or omissions liability insurance policy issued by Colonial Penn Insurance Company covering Washington County, Mississippi. Washington County is the named insured. Although the suit was filed against the Board of Supervisors of Washington County, Mississippi, in their official capacities, it is obvious that Washington County is a party as well as the Board of Supervisors in their official capacities. We are of the opinion that § 19-7-8 authorizes the purchase of such general liability insurance coverage in the case sub judice and that it waives immunity up to the extent of that coverage. We are of the further opinion that the statute and waiver applies equally to members of the Board of Supervisors and employees of the county.
Therefore, we hold that there is merit in Issue II and the judgment of the lower court is reversed and the cause is remanded for trial, consistent with this opinion.
REVERSED AND REMANDED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.