620 So.2d 533 (1993)
Albert L. and Ella GILBERT, Individually, and as Legal Guardians of Kimberly Gilbert, A Minor,
v.
Eddie HALL and Gayla Gregory Garrison.
No. 90-CA 996.
Supreme Court of Mississippi.
April 8, 1993.
Rehearing Denied July 22, 1993.
William Liston, Liston & Lancaster, Winona, Hugh Gibson, Eupora, for appellant.
John L. Low, IV, Michael O. Gwin, Watkins & Eager, Jackson, Alfred A. Levingston, Levingston & Levingston, Cleveland, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and BANKS, JJ.
BANKS, Justice, for the court:
Here we revisit the issue of qualified immunity for medical personnel. We have recently held that no such immunity exists for decisions or actions which do not involve an election of public policy regardless of whether the activity may be deemed "discretionary." Womble v. Singing River, 618 So.2d 1252 (Miss. 1993). We, therefore, reverse the order dismissing this case and remand for further proceedings.

I.
Kimberly Gilbert, a three-year-old minor when injured, is a paraplegic following personal injuries sustained in an automobile collision and emergency room treatment received at the Bolivar County Hospital (Hospital) on December 24, 1987. Through her mother and father, court-appointed general guardians of her estate, suit was filed on August 7, 1990, against Hall, a registered nurse and emergency room supervisor, and Garrison, a registered nurse, both employees of Hospital for "an amount in excess of the minimum jurisdictional limits of the *534 Circuit Courts of Mississippi.[1] From the "Order Sustaining Rule 12(b)(6) MRCP Motion of Defendants Hall and Garrison and Granting Judgment of Dismissal With Prejudice" on grounds of qualified immunity, comes this appeal.
The issue is: Did the Circuit Judge err in ruling the amended complaint failed "to state a cause of action upon which relief can be granted" requisite to avoid 12(b)(6) dismissal? We answer in the affirmative and reverse and remand.

II.
MRCP 12(b)(6) purposes "to expedite and simplify the pretrial phase while promoting the just disposition of cases." For the 12(b)(6) motion to be sustained "there must appear to a certainty that the plaintiff is entitled to no relief under any set of facts that could be proved in support of the claim" and judicial practice favors disposition on the merits. The sufficiency of the complaint must be tested by MRCP 8(a) and 8(e). Stanton & Associates, Inc. v. Bryant Construction Co., Inc., 464 So.2d 499 (Miss. 1985) and Grantham v. Department of Corrections, 522 So.2d 219, 225 (Miss. 1988).
"[T]he allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim." Overstreet v. Merlos, 570 So.2d 1196 (Miss. 1990). (emphasis supplied)
The amended complaint alleges that defendant nurses failed to perform ministerial duties by violating hospital operating room bylaws and rules governing emergency room nursing personnel in the following respects:
1) Failing to obtain a pertinent history from the emergency medical technicians at the time Kimberly was admitted;
2) Failing to note, record and document Kimberly's status in the emergency room admission sheet;
3) Failing to perform neurological examination;
4) Failing to render appropriate care; and
5) Failing to inform the emergency room physician of Kimberly's status when she was admitted to the emergency room and to follow accepted and mandated nursing practices in regard to non-removal of immobilization devices prior to Kimberly's examination by physician.
Alternatively, plaintiffs allege that the nurses' acts were in excess of discretionary authority and constituted gross negligence or that immunity was waived to the extent of an insurance policy covering the claim.
Hall and Garrison claim that under the 12(b)(6) test "well-pleaded facts" establish that:
1) the enjoy full immunity from suit as state medical employees, absence malice or willfulness. Marshall v. Chawla, 520 So.2d 1374 (Miss. 1984); Hudson v. Rausa, 462 So.2d 689 (Miss. 1984);
2) they render medical treatment, a discretionary function, and thus are immune as "public officials;"
3) the amended complaint alleges legal conclusions rather than facts as to gross negligence;
4) that only Hall was insured and, in any event, "under well-settled Mississippi law, sovereign immunity is waived only if expressly provided by statute." Strait v. Pat Harrison Waterway District, 523 So.2d 36 (Miss. 1988).

*535 III.
By granting the motion to dismiss, the trial court necessarily concluded that the activities in question were immune under our decisions in Marshall v. Chawla and Hudson v. Rausa, that insurance made no difference under Strait and that the conclusory allegations of gross negligence were insufficient to survive a motion to dismiss where qualified immunity obtains. We have overruled Marshall v. Chawla and Hudson v. Rausa with respect to activity here alleged. Womble v. Singing River, supra. It follows that the order of dismissal in the instant case must be vacated and that we need not reach any other issue.
REVERSED AND REMANDED.
HAWKINS, C.J., and DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, McRAE, ROBERTS and SMITH, JJ., concur.
NOTES
[1] Miss. Code Ann. § 11-1-59 (Miss. 1992) provides:

In any action at law against a licensed physician, osteopath, dentist, hospital, nurse, pharmacist, podiatrist, optometrist or chiropractor to recover damages based upon a professional negligence theory, the compliant or counterclaim shall not specify the amount of damages claimed, but shall only state that the damages claimed are within the jurisdictional limits of the court to which the pleadings are addressed and whether or not the amount of such damages is ten thousand dollars ($10,000.00) or more, or such other minimum amount as shall be necessary to invoke federal jurisdiction if the action is brought in federal court.